[No. B184120. Second Dist., Div. Seven. Nov. 23, 2005.]

CALIBER BODYWORKS, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
HECTOR R. HERRERA et al., Real Parties in Interest.

COUNSEL

Manatt, Phelps & Phillips, Stanley W. Levy, Terri D. Keville, Benjamin G. Shatz and Hayley E. Macon for Petitioners.

No appearance for Respondent.

The Luti Law Firm, Anthony N. Luti; Swedlow & Associates and Stephen A. Swedlow for Real Parties in Interest.

OPINION

**PERLUSS, P. J.**—The State's labor law enforcement agencies—the Labor and Workforce Development Agency (LWDA)[1] and its constituent departments and divisions—are authorized to assess and collect civil penalties for specified violations of the Labor Code committed by an employer. (E.g., Lab. Code, § 210 [authorizing Labor Commissioner[2] to recover civil penalties as part of a hearing or civil action to recover unpaid wages and penalties for violations of Lab. Code, §§ 204, 204b, 204.1, 204.2, 205, 205.5 and 1197.5].)[3] With a stated goal of improving enforcement of existing Labor Code obligations, the Legislature adopted the Labor Code Private Attorneys General Act of 2004 (Act) (§ 2698 et seq.), permitting, as an alternative, an aggrieved employee to initiate a private civil action on behalf of himself or herself and other current or former employees to recover civil penalties if the LWDA does not do so. The penalties collected in these private civil actions are to be distributed 75 percent to the State and 25 percent to the aggrieved employee. Before an employee may file an action seeking to recover civil penalties for violations of any of the Labor Code provisions enumerated in section 2699.5, however, he or she must comply with the Act's administrative procedures as set forth in section 2699.3, subdivision (a), which include providing notice to the LWDA and the employer and waiting a prescribed period of time to permit the LWDA to investigate and to decide whether to cite the employer for the alleged violations.

In this case aggrieved employees, on behalf of themselves individually and as putative class representatives, filed a wage-and-hour action against their former employer seeking, among other remedies, civil penalties for violations of several of the Labor Code provisions specified in section 2699.5. The employees did not allege they had satisfied the Act's prefiling notice and exhaustion requirements before initiating their lawsuit; and their operative complaint does not mention the Act, let alone request remedies under it. Can this putative class action complaint survive a demurrer despite plaintiffs'

---

[1] Created in 2002, the LWDA is a cabinet-level state agency whose "mission is to provide leadership to protect and improve the well-being of California's current and future workforce." (<http://www.labor.ca.gov/default.htm> [as of Nov. 23, 2005]; see also <http://www.labor.ca.gov/aboutindex.htm> [as of Nov. 23, 2005].) The LWDA "is committed to ensuring that California businesses and employees have a level playing field upon which to compete" through education about rights and responsibilities under state labor laws and "impartial and consistent enforcement of the law." (<http://www.labor.ca.gov/welcome/htm> [as of Nov. 23, 2005].)

[2] The Labor Commissioner is chief of the Division of Labor Standards Enforcement (Lab. Code, § 21), a division of the Department of Industrial Relations (Lab. Code, § 79), which is now part of the LWDA (Lab. Code, § 50).

[3] Statutory references are to the Labor Code unless otherwise indicated.

failure to plead compliance with section 2699.3, subdivision (a)'s administrative prerequisites to filing suit? The trial court held it could. We agree, albeit for a different reason, but only in part.

Section 2699.3, subdivision (a)'s prefiling notice and exhaustion requirements broadly apply to employee actions seeking civil penalties that may be assessed by the LWDA for any alleged violation of dozens of Labor Code provisions enumerated in section 2699.5. Nothing in the statute exempts an aggrieved employee whose complaint avoids any reference to the Act or seeks remedies in addition to civil penalties from complying with section 2699.3, subdivision (a). Accordingly, Caliber's demurrer should have been sustained without leave to amend as to the causes of action seeking only civil penalties (the ninth, 11th and 12th causes of action) on the ground plaintiffs failed to plead compliance with section 2699.3, subdivision (a). As to those causes of action seeking civil penalties as well as unpaid wages and statutory penalties payable to the employee (the first, third and fourth causes of action), the demurrer was properly overruled because only those portions of the causes of action seeking civil penalties are objectionable based on plaintiffs' failure to plead compliance with section 2699.3, subdivision (a). Nevertheless, because plaintiffs cannot pursue civil penalties absent compliance with section 2699.3, subdivision (a), the portions of the first, third and fourth causes of action seeking civil penalties are ordered stricken. Finally, the demurrer also was properly overruled as to the second, fifth through eighth and 10th causes of action, which do not seek civil penalties at all, and as to the 13th cause of action under Business and Professions Code section 17200.

## FACTUAL AND PROCEDURAL BACKGROUND

Hector R. Herrera, Carlino Giordano, Shawn Sommer and Michael Kolenda (collectively plaintiffs) are all former employees of Caliber Bodyworks, Inc., doing business as Caliber Collision Centers. They filed a complaint for wage-and-hour violations against Caliber Bodyworks, Inc., and corporate officers Matthew Ohrnstein and Daniel Pettigrew (collectively Caliber) on behalf of themselves individually and as putative class representatives, alleging Caliber is failing to properly compensate its employees in violation of numerous provisions of the Labor Code and, as a result, committing unlawful and unfair business practices under Business and Professions Code section 17200.[4]

---

[4] Plaintiffs propose to represent all current and former hourly, nonexempt employees of Caliber in California who worked more than a three and one-half-hour shift. According to plaintiffs, such employees were, among other things, technicians, painters and mechanics for Caliber.

Specifically, plaintiffs allege Caliber violated the Labor Code by failing to (1) comply with the State's minimum-wage requirement (first cause of action); (2) indemnify employees for losses incurred in the direct consequence of the discharge of their duties and properly itemize deductions from wages (second cause of action); (3) compensate for overtime and all hours worked (third and fourth causes of action); (4) pay earned wages to former employees upon discharge (fifth cause of action); (5) provide required meal and rest periods (sixth and seventh causes of action); (6) properly compensate employees for working split shifts (eighth cause of action); and (7) maintain required employee time records (ninth cause of action). In the 10th cause of action plaintiffs seek "penalties" and in the 11th and 12th causes of action "civil penalties" for violations alleged in earlier counts. In the 13th cause of action plaintiffs allege Caliber's wage-and-hour violations constitute unlawful and unfair business practices under Business and Professions Code section 17200 and seek equitable relief.

Caliber demurred to the complaint on the ground the trial court lacked subject matter jurisdiction over the matter because plaintiffs had failed to plead compliance with the administrative prerequisites to filing suit contained in section 2699.3, subdivision (a). According to Caliber, plaintiffs had an obligation to provide notice to the LWDA and Caliber and wait the prescribed time period for a response before filing suit because the first 12 causes of action in the first amended complaint seek penalties for alleged violations of Labor Code provisions in section 2699.5 and the 13th cause of action under Business and Professions Code section 17200 is expressly premised on some of the same violations.

The trial court overruled the demurrer, finding the Act expressly preserves an employee's right to pursue claims under existing state and federal law, either separately or concurrently with a suit under the Act, and neither the language of section 2699.3, nor its legislative history, clearly required notice to the LWDA for claims based on statutes enumerated in section 2699.5 that had authorized a private cause of action prior to the effective date of the Act.

After Caliber petitioned this court for a writ of mandate compelling the trial court to vacate its order, we issued an order to show cause why the requested relief should not be granted.[5]

---

[5] In our order to show cause we directed plaintiffs to file a written return to the petition. (See Cal. Rules of Court, rule 56(h).) Instead, plaintiffs filed a memorandum of points and authorities in opposition to the petition. Because plaintiffs' response is not a demurrer or verified answer, it does not constitute a "return" and does not effectively deny any of the allegations in the petition. (*Shaffer v. Superior Court* (1995) 33 Cal.App.4th 993, 996, fn. 2 [39 Cal.Rptr.2d 506]; see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2004) ¶ 15:226.1, p. 15-92 ["an attempted response that falls short of a demurrer

## CONTENTIONS

Caliber contends plaintiffs' failure to plead compliance with the prefiling notice and exhaustion prerequisites to filing suit in section 2699.3, subdivision (a), is fatal to all 13 causes of action in the first amended complaint and, therefore, the trial court should have sustained its demurrer.

## DISCUSSION

### 1. *Standard of Review*

In reviewing an order overruling a demurrer, we accept as true all properly pleaded facts in the complaint and exercise independent judgment to determine whether the complaint states a cause of action as a matter of law. (*Ralphs Grocery Co. v. Superior Court* (2003) 112 Cal.App.4th 1090, 1096 [5 Cal.Rptr.3d 687]; *Casterson v. Superior Court* (2002) 101 Cal.App.4th 177, 182–183 [123 Cal.Rptr.2d 637] ["The standard of review for an order overruling a demurrer is de novo. The reviewing court accepts as true all facts properly pleaded in the complaint in order to determine whether the demurrer should be overruled. [Citation.]"]; see *Mack v. Soung* (2000) 80 Cal.App.4th 966, 971 [95 Cal.Rptr.2d 830] [all properly pleaded allegations deemed true, regardless of plaintiff's ability to later prove them].) We liberally construe the pleading with a view to substantial justice between the parties. (Code Civ. Proc., § 452; *Kotlar v. Hartford Fire Ins. Co.* (2000) 83 Cal.App.4th 1116, 1120 [100 Cal.Rptr.2d 246].) We do not, however, assume the truth of the legal contentions, deductions or conclusions; questions of law, such as the interpretation of a statute, are reviewed de novo. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317]; *Rudd v. California Casualty Gen. Ins. Co.* (1990) 219 Cal.App.3d 948, 951 [268 Cal.Rptr. 624].)

" 'Where the complaint is defective, "[i]n the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his [or her] complaint." ' " (*Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at p. 970.) Leave to amend may be granted on appeal even in the absence of a request

---

or verified answer (as required by [Cal. Rules of Court, rule] 56(h)(1))—e.g., a document consisting only of a discussion of points and authorities—is *not* a 'return' and is not effective to deny the facts alleged in the writ petition"].) As a result, all facts pleaded in the petition are accepted as true. (*Shaffer*, at p. 996, fn. 2.) That consequence, however, has little, if any, significance in this proceeding, which involves an issue of statutory interpretation and follows the overruling of a demurrer to the first amended complaint, requiring all factual allegations in the complaint to be accepted as true. (See pt. 1 of Discussion.)

by the plaintiff to amend the complaint. (*Id.* at p. 971; see Code Civ. Proc., § 472c, subd. (a).) We determine whether the plaintiff has shown "in what manner he [or she] can amend [the] complaint and how that amendment will change the legal effect of [the] pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 [134 Cal.Rptr. 375, 556 P.2d 737].) "[L]eave to amend should *not* be granted where . . . amendment would be futile." (*Vaillette v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 685 [22 Cal.Rptr.2d 807, 23 Cal.Rptr.2d 807].)

### 2. *The Labor Code Private Attorneys General Act of 2004*

Responding to a shortage of state funds and staffing to enforce state labor laws, the Legislature adopted the Act in 2003, effective January 1, 2004, to prescribe a civil penalty for existing Labor Code sections for which no civil penalty has otherwise been established and to allow aggrieved employees, defined as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed," to bring a civil action to collect civil penalties for Labor Code violations previously only available in enforcement actions initiated by the state's labor law enforcement agencies.[6] (Former § 2699, subds. (a), (c) & (e), Stats. 2003, ch. 906, § 2.) As explained at pages 5 to 6 of the June 26, 2003 Analysis by the Assembly Committee on the Judiciary on Senate Bill No. 796 (2003–2004 Reg. Sess.), as amended May 12, 2003, "[S]ome Labor Code provisions allow for private actions for money damages, including attorneys' fees. . . . [E]mployers are also subject to civil penalties and criminal prosecution for some Labor Code violations. Thus, the primary change effected by this bill would be to add the specified civil penalties to private actions for violations of the Labor Code." The Assembly analysis also noted, "Generally, civil penalties are recoverable only by prosecutors, not by private litigants, and the monies are paid directly to the government. However, recovery of civil

---

[6] The Legislature declared: "(a) Adequate financing of essential labor law enforcement functions is necessary to achieve maximum compliance with state labor laws in the underground economy and to ensure an effective disincentive for employers to engage in unlawful and anticompetitive business practices. [¶] (b) Although innovative labor law education programs and self-policing efforts by industry watchdog groups may have some success in educating some employers about their obligations under state labor laws, in other cases the only meaningful deterrent to unlawful conduct is the vigorous assessment and collection of civil penalties as provided in the Labor Code. [¶] (c) Staffing levels for state labor law enforcement agencies have, in general, declined over the last decade and are likely to fail to keep up with the growth of the labor market in the future. [¶] (d) It is therefore in the public interest to provide that civil penalties for violations of the Labor Code may also be assessed and collected by aggrieved employees acting as private attorneys general, while also ensuring that state labor law enforcement agencies' enforcement actions have primacy over any private enforcement efforts undertaken pursuant to this act." (Stats. 2003, ch. 906, § 1.)

penalties by private litigants does have precedent in the law. . . . In this bill, allowing private recovery of civil penalties as opposed to statutory damages would allow the penalty to be dedicated in part to public use (to the General Fund and the LWDA) instead of being awarded entirely to a private plaintiff." (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 796 (2003–2004 Reg. Sess.), as amended May 12, 2003, p. 5.)

The Act was amended shortly after its effective date, as of August 11, 2004, to, among other things, require exhaustion of administrative procedures before an action may be filed to allow the LWDA the initial opportunity to investigate and cite employers for Labor Code violations.[7] According to its legislative history, the amendment was the "result of an agreement reached between the [LWDA], business and labor representatives" and "improves [the Act] by allowing the [LWDA] to act first on more 'serious' violations such as wage and hour violations and give employers an opportunity to cure less serious violations." (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 1809 (2003–2004 Reg. Sess.) as amended July 27, 2004, p. 5.)

As amended the Act provides, "Notwithstanding any other provision of law, any provision of [the Labor Code] that provides for a civil penalty to be assessed and collected by the [LWDA] or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." (§ 2699, subd. (a).) For violations of "all provisions of [the Labor Code] except those for which a civil penalty is specifically provided," the Act establishes a default penalty and a private right of action for an aggrieved employee to bring a civil action to enforce those provisions, subject to the procedures in section 2699.3.[8] (§ 2699, subds. (f) & (g)(1).) Nothing in the Act "limit[s] an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part." (§ 2699, subd. (g)(1).)

---

[7] The amendment also restricted the scope of the Act in a number of other ways, including limiting the types of Labor Code violations for which an aggrieved employee could sue to collect civil penalties, allowing courts to award less than the maximum penalties specified and allocating 75 percent of the penalties collected to the LWDA, rather than dividing the State's portion of the recovery between the LWDA and the general fund. (See § 2699, subds. (e)(2), (g)(2) & (i).)

[8] In general the civil penalties recovered by aggrieved employees are distributed "75 percent to the [LWDA] for enforcement of labor laws and education of employers and employees about their rights and responsibilities under [the Labor Code] . . . and 25 percent to the aggrieved employees." (§ 2699, subd. (i).)

■ Section 2699.3, subdivision (a), provides the administrative procedures that must be followed before an aggrieved employee may file a civil action to recover civil penalties under section 2699 for violations of any of the Labor Code provisions identified in section 2699.5:[9] "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: [¶] (1) The aggrieved employee or representative shall give written notice by certified mail to the [LWDA] and the employer of the specific provision of this code alleged to have been violated, including the facts and theories to support the alleged violation." (§ 2699.3, subd. (a)(1).) ■ Within 30 calendar days of that notice, the LWDA must notify the employer and the aggrieved employee or representative whether it intends to investigate the alleged violation. (§ 2699.3, subd. (a)(2)(A).) If the LWDA notifies the aggrieved employee it does not intend to investigate, or fails to give notice within the prescribed time period, the aggrieved employee may commence a civil action under section 2699. (§ 2699.3, subd. (a)(2)(A).) If the LWDA chooses to investigate, it has an additional 120 days to do so and issue any appropriate citation; if, after investigation, the LWDA provides notice that no citation will issue or fails to give timely or any notification, the aggrieved employee may then file suit. (§ 2699.3, subd. (a)(2)(B).)

■ Section 2699.3, subdivision (a)'s administrative procedures apply to actions to recover civil penalties for alleged violations of the dozens of Labor Code provisions specifically identified in section 2699.5. In particular, they apply to civil penalties that may be assessed and collected for alleged violations of sections 201 (wages upon discharge); 203 (statutory penalties for failure to timely make discharge payments); 226 (duty to provide itemized statements); 226.7 (mandated meal and rest periods); 510 (overtime compensation); 1174 (duty to maintain employment records); 1197 (minimum wage); 1198 (maximum hours of work); and 2802 (indemnification for employee's expenses and losses in discharging duties).

The LWDA has the initial right to prosecute and collect civil penalties for alleged Labor Code violations: "No action may be brought under [section 2699] by an aggrieved employee if [the LWDA] or any of its departments, divisions, commissions, boards, agencies, or employees, on the same facts and theories, cites a person within the timeframes set forth in Section 2699.3

---

[9] Subsequent subdivisions of section 2699.3 set forth administrative procedures for actions alleging violations of Labor Code provisions not enumerated in section 2699.5. Those provisions are not at issue in this case.

for a violation of the same section or sections of the Labor Code under which the aggrieved employee is attempting to recover a civil penalty on behalf of himself or herself or others or initiates a proceeding pursuant to Section 98.3" with the assistance of the Labor Commissioner. (§ 2699, subd. (h).)

### 3. *Portions of Plaintiffs' First Amended Complaint Seek Civil Penalties Subject to the Act's Prefiling Notice and Exhaustion Requirements*

Plaintiffs contend the Act's administrative prerequisites to filing suit do not apply in this case because their putative class action does not seek civil penalties, include claims or make any allegations whatsoever under the Act. According to plaintiffs, nothing in the Act modifies or restricts the right of an employee to remedy wage-and-hour violations of the Labor Code through a class action lawsuit against his or her employer when the employee is not suing under the Act itself. Caliber, on the other hand, argues that the entire complaint must be dismissed because each of plaintiffs' causes of action seeks penalties for violations of statutes listed in section 2699.5. Application of the Act to plaintiffs' first amended complaint is not as simple as either side maintains.

### a. *Not all statutory penalties are "civil penalties" covered by the Act*

Caliber is correct that each of plaintiffs' causes of action under the Labor Code, save only the eighth cause of action, which requests only unpaid wages for alleged violation of split-shift compensation rules, seeks recovery of penalties for Caliber's alleged violations of Labor Code provisions enumerated in section 2699.5. However, in both its demurrer and its petition for writ of mandate, Caliber fails to distinguish between a request for statutory penalties provided by the Labor Code for employer wage-and-hour violations, which were recoverable directly by employees well before the Act became part of the Labor Code, and a demand for "civil penalties," previously enforceable only by the state's labor law enforcement agencies. An example of the former is section 203, which obligates an employer that willfully fails to pay wages due an employee who is discharged or quits to pay the employee, in addition to the unpaid wages, a penalty equal to the employee's daily wages for each day, not exceeding 30 days, that the wages are unpaid.[10] (See, e.g., *Mamika v. Barca* (1998) 68 Cal.App.4th 487, 493 [80 Cal.Rptr.2d

---

[10] Section 203 provides, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. . . ."

175] ["A proper reading of section 203 mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days"].) Examples of the latter are section 225.5, which provides, in addition to any other penalty that may be assessed, an employer that unlawfully withholds wages in violation of certain specified provisions of the Labor Code is subject to a civil penalty in an enforcement action initiated by the Labor Commissioner in the sum of $100 per employee for the initial violation and $200 per employee for subsequent or willful violations,[11] and section 256, which authorizes the Labor Commissioner to "impose a civil penalty in an amount not exceeding 30 days pay as waiting time under the terms of Section 203."

■ In sum, an employer is potentially liable for unpaid wages and interest, statutory penalties *and* civil penalties for many violations of Labor Code wage-and-hour provisions. For example, an employee not fully paid upon discharge or layoff as required by section 201 (one of the Labor Code provisions identified in section 2699.5) may be entitled to recover not only his or her unpaid wages but also the statutory penalty provided by section 203 (another provision listed in section 2699.5) and the civil penalty provided by section 256. An action seeking the first two categories of damages, although requesting statutory penalties, is not subject to the Act's prefiling notice and exhaustion requirements; an action seeking the third category of recoverable damages, whether alone or in combination with a prayer for other remedies, is: To be subject to the Act, the employee's cause of action must allege a violation of one of the provisions listed in section 2699.5 (§ 2699.3, subd. (a)) and seek recovery of a "civil penalty" assessable by the LWDA (§ 2699, subds. (a) & (f)).

### b. *Plaintiffs' complaint includes requests for "civil penalties"*

As we read the first amended complaint, the 13 causes of action alleged fall into four, analytically distinct categories: (1) causes of action seeking only civil penalties for violations of Labor Code provisions specified in section 2699.5; (2) hybrid causes of action seeking unpaid wages and statutory penalties, as well as civil penalties for violations of Labor Code provisions specified in section 2699.5; (3) causes of action seeking only unpaid wages or statutory penalties or both; and (4) a Business and Professions Code section 17200 cause of action seeking equitable relief.

---

[11] Section 225.5 provides, "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows: [¶] (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. [¶] (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld. . . ."

The first category, causes of action seeking only civil penalties, includes the ninth, 11th and 12th causes of action. The ninth cause of action alleges Caliber violated section 1174, one of the provisions specified in section 2699.5, by failing to properly maintain employee records and seeks a civil penalty under section 1174.5 for that violation.[12] The 11th cause of action, entitled simply "penalties," alleges violations of section 204, which requires payment of wages on regular paydays and which is identified in section 2699.5, and seeks civil penalties as provided in section 210[13] for violations of section 204. Finally, the 12th cause of action, expressly entitled "civil penalties," seeks civil penalties under section 558 for Caliber's alleged violations of section 512,[14] also included in section 2699.5, requiring meal periods of specified intervals.[15]

The second category, hybrid causes of action seeking unpaid wages, statutory penalties and civil penalties, includes the first, third and fourth causes of action. The first cause of action alleges violations of section 1197, which makes unlawful the payment of a wage less than the minimum wage

---

[12] Section 1174.5 imposes a civil penalty of $500 for willful failure to maintain the records required by section 1174, subdivision (c). Although plaintiffs pray for injunctive relief in addition to the section 1174.5 penalty in their ninth cause of action, plaintiffs concede the prayer for relief does not govern the interpretation of their complaint. (See *Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1562 [55 Cal.Rptr.2d 465] ["demurrer tests the sufficiency of the factual allegations of the complaint rather than the relief suggested in the prayer of the complaint"].) The ninth cause of action itself mentions nothing about injunctive relief, seeking only the civil penalty in section 1174.5. The Business and Professions Code section 17200 cause of action, on the other hand, expressly alleges entitlement to equitable relief.

[13] Section 210 provides, "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: [¶] (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. [¶] (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld. . . ."

[14] Section 558 provides, "(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: [¶] (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. [¶] (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. [¶] (3) Wages recovered pursuant to this section shall be paid to the affected employee. . . ."

[15] Although plaintiffs correctly note that neither section 210 nor section 558 is identified in section 2699.5, as explained in the text, the 11th and 12th causes of action seek civil penalties for substantive violations of sections 204 and 512, both of which are included in section 2699.5. According to section 2699, subdivision (a), it is the request for civil penalties for an alleged violation of a substantive statutory provision listed in section 2699.5 that triggers the prefiling notice and exhaustion requirements of section 2699.3, subdivision (a).

and which is included in section 2699.5, and seeks (in paragraph 37 of the first amended complaint) unpaid wages and "penalties," including not only statutory penalties payable directly to the employee but also the civil penalties authorized by section 558. The third cause of action alleges failure to pay overtime compensation in violation of section 1198, also among the provisions listed in section 2699.5, and seeks (in paragraph 54) unpaid wages and "penalties," again including the civil penalties authorized by section 558. Finally, the fourth cause of action alleges failure to compensate for all hours worked also in violation of section 1198 and seeks (in paragraph 62) unpaid wages and "penalties," including civil penalties pursuant to section 558.

The third category, causes of action seeking only unpaid wages or statutory penalties or both, consists of the second, fifth through eighth and 10th causes of action. In the second cause of action plaintiffs allege violations of section 2802, which requires an employer to indemnify its employee for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Section 2802 is included in section 2699.5. However, although plaintiffs seek (in paragraph 44) unpaid wages and "penalties," unlike their allegations in the first, third and fourth causes of action discussed in the preceding paragraph, plaintiffs include no request for relief under section 558 or any other Labor Code provision for "civil penalties." Similarly, the fifth cause of action alleges violations of section 201, which requires an employer to pay an employee all earned wages on the employee's termination date, and seeks payment of the statutory penalty provided in section 203 for willful violations of section 201, but does not seek a civil penalty under sections 256, 558 or any other provision for civil penalties assessable by the LWDA. The sixth and seventh causes of action allege Caliber violated Industrial Welfare Commission (IWC) wage orders regarding meal and rest periods and seek recovery of the statutory penalties provided in section 226.7 for those violations,[16] but do not include either an express request for civil penalties or citation to any provision of the Labor

---

[16] Under section 226.7 an employer failing to provide an employee a meal period or rest period in accordance with the applicable IWC wage order is liable to the employee for one additional hour of pay at the employee's regular rate of compensation for each day's violation. Although section 226.7 does not expressly label this payment a "penalty," it is in the nature of a statutory penalty because it requires the employer to pay more than the value of the missed meal or rest period. The section 226.7 payment does not compensate the employee for any extra time worked but rather punishes the employer for its failure to provide the meal or rest period mandated by the IWC. (See *Hartwig v. Orchard Commercial, Inc.* (2005) (Cal. Div. Labor Stds. Enforcement, May 11, 2005, No. 12-56901RB) <http://www.dir.ca.gov.dlse/PD/12-56901.pdf> [as of November 21, 2005] [designated a precedent decision of Division of Labor Standards Enforcement and finding section 226.7 payment a penalty because its purpose is to enforce the meal and rest period requirements and deter noncompliance rather than to compensate the employee].)

Code imposing civil penalties. The eighth cause of action, which alleges Caliber failed to comply with IWC wage orders requiring employers to compensate an employee who works a split shift (a work schedule interrupted by nonpaid, nonworking periods established by the employer) one hour at the minimum wage for each day the employee worked a split shift. The eighth cause of action seeks only the unpaid wages, not statutory or civil penalties. The 10th cause of action, entitled "penalties," repeats the allegations of the fifth cause of action regarding violations of section 201, adds an alleged violation of section 202, which specifies the required time for payment of wages to an employee not having a written contract for a definite period who quits his or her employment, and, as in the fifth cause of action, seeks the statutory penalty provided by section 203 for willful violations but does not request imposition of any civil penalty.

The fourth and final category is the Business and Professions Code section 17200 cause of action (the 13th cause of action), which alleges Caliber's Labor Code violations, as specified in the underlying causes of action, constitute unfair and unlawful business practices for which plaintiffs are entitled to equitable relief.

4. *Caliber's Demurrer to the First Amended Complaint Should Have Been Sustained Without Leave to Amend as to the Causes of Action Seeking Only Civil Penalties But Was Properly Overruled as to the Other Causes of Action*

    a. *The first category: causes of action seeking only civil penalties*

Plaintiffs' characterization of their first amended complaint notwithstanding, the first category of causes of action seeking only civil penalties (the ninth, 11th and 12th causes of action) falls squarely within the Act. Aggrieved employees, on behalf of themselves and other current and former employees of Caliber, are pursuing causes of action in a lawsuit to recover civil penalties that could otherwise be assessed and collected by the LWDA. (§ 2699, subd. (a).) According to the Act's explicit language, such claims must be brought "pursuant to the procedures specified in Section 2699.3." (§ 2699, subd. (a).)

Interpreting this statutory framework according to its plain language (*Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976]; *Ralphs Grocery Co. v. Superior Court, supra,* 112 Cal.App.4th at p. 1102), plaintiffs were required to comply with section

2699.3, subdivision (a)'s administrative procedures before pursuing causes of action for civil penalties based on violations of Labor Code provisions specified in section 2699.5. Their failure to plead compliance as to the causes of action seeking only civil penalties is fatal to those claims. (See § 2699.3, subd. (a) ["civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 *shall* commence *only* after the following requirements have been met" (italics added)]; see also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2005) ¶ 1:843, p. 1-181 [prelawsuit notice requirement is "an essential element of the cause of action, and must be affirmatively alleged in the complaint and proved at trial"].) The absence of any reference to the Act in plaintiffs' first amended complaint does not absolve them of their duty to comply with the administrative prerequisites to filing suit. (*Pitman v. City of Oakland* (1988) 197 Cal.App.3d 1037, 1044 [243 Cal.Rptr. 306] [plaintiff cannot, "by artful drafting of [the] complaint, avoid the clear intent of the statute"].)

■    Plaintiffs contend the Act does no more than create a private right of action for employees to enforce Labor Code provisions that did not previously contain such a right and impose civil penalties under the default provision in section 2699, subdivision (f), for violations that did not previously provide for such penalties and argue the Act does not apply in this case because they are not attempting to invoke either aspect of the Act. But by its express terms the Act applies when an aggrieved employee seeks civil penalties for a violation of "any provision of [the Labor Code] that provides for a civil penalty to be assessed and collected" by the State. (§ 2699, subd. (a).) The Act's requirements, including its administrative prerequisites to filing suit in section 2699.3, subdivision (a), therefore, are triggered when an aggrieved employee seeks civil penalties for violation of a Labor Code provision that previously provided for recovery of a civil penalty by the Labor Commissioner, including those that existed for years prior to the Act's effective date. Indeed, the expansive list of Labor Code provisions in section 2699.5 to which the Act's administrative procedures are applicable belies plaintiffs' restrictive reading of the Act: Section 2699.5 includes many Labor Code provisions that, prior to the Act, contained a private right of action. (§ 2699.5 [including, for example, §§ 203, 203.1, 206, 226.7, 227, 233, 1194, 1197.1].) Accordingly, notwithstanding plaintiffs' observation that "wage and hour disputes (and others in the same general class) routinely proceed as class actions" (*Prince v. CLS Transportation, Inc.* (2004) 118 Cal.App.4th 1320, 1328 [13 Cal.Rptr.3d 725]), plaintiffs seeking civil penalties recoverable by the state in such suits for violations of any Labor Code provision specified in

section 2699.5 must now plead compliance with section 2699.3, subdivision (a)'s administrative procedures.[17]

■ In sum, because plaintiffs failed to plead compliance with the Act's prefiling notice and exhaustion requirements in section 2699.3, subdivision (a), they are not entitled to pursue their causes of action seeking only civil penalties. Accordingly, the trial court should have sustained Caliber's demurrer to plaintiffs' ninth, 11th and 12th causes of action.[18]

### b. The second category: hybrid causes of action seeking both civil penalties and unpaid wages

In addition to demanding unpaid wages and statutory penalties, plaintiffs' first, third and fourth causes of action seek civil penalties for alleged violations of Labor Code provisions specified in section 2699.5. Under the plain language of the Act, plaintiffs cannot pursue civil penalties for those violations without complying with the prefiling notice and exhaustion requirements of section 2699.3, subdivision (a).

Plaintiffs attempt to avoid application of the Act to these hybrid causes of action based on the last sentence of section 2699, subdivision (g)(1), which provides, "Nothing in th[e Act] shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under th[e Act]." According to plaintiffs, because they seek "other remedies," such as unpaid wages and

---

[17] Plaintiffs' argument also overlooks the Legislature's use of the phrase "[n]otwithstanding any other provision of law" in establishing the right of an aggrieved employee to bring a civil action to recover civil penalties in section 2699, subdivision (a). The statutory phrase "notwithstanding any other law" has been called a " 'term of art' " (*People v. Franklin* (1997) 57 Cal.App.4th 68, 73–74 [66 Cal.Rptr.2d 742]) that declares the legislative intent to override all contrary law. (*People v. Tillman* (1999) 73 Cal.App.4th 771, 784–785 [86 Cal.Rptr.2d 715]; see also *In re Marriage of Cutler* (2000) 79 Cal.App.4th 460, 475 [94 Cal.Rptr.2d 156] [" 'notwithstanding any other provision of law' " " 'signals a broad application overriding all other code sections' "].) Based on the Legislature's use of this phrase, it is not surprising the Act changes the law regarding enforcement of the Labor Code in certain respects, such as establishing new procedures that must be followed before an aggrieved employee may bring a private right of action that includes a request for civil penalties.

[18] Because plaintiffs have not specified any manner in which they would amend their allegations if the demurrer is sustained to these causes of action, granting leave to amend would be futile. (*Goodman v. Kennedy, supra,* 18 Cal.3d at p. 349; *Vaillette v. Fireman's Fund Ins. Co., supra,* 18 Cal.App.4th at p. 685.) Nevertheless, plaintiffs certainly may follow the administrative procedures in section 2699.3, subdivision (a), and, should the LWDA choose not to investigate or cite Caliber based on the alleged violations, then request leave to amend the first amended complaint to seek civil penalties. (§ 2699.3, subd. (a)(2)(C) ["Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part"].)

statutory penalties, they are pursuing an action "separately" from the Act and can do so without complying with section 2699.3, subdivision (a)'s administrative procedures.

■ Plaintiffs correctly note these three causes of action seek "other remedies" in additional to civil penalties, which is permissible under section 2699, subdivision (g)(1). Nevertheless, to the extent they seek civil penalties, compliance with the prefiling notice and exhaustion requirements of the Act is mandatory. ■ Allowing plaintiffs in wage-and-hour cases to circumvent the Act merely because they seek "other remedies" in addition to civil penalties would vitiate the Legislature's express intent that the LWDA have the initial right to investigate and cite an employer for Labor Code violations (see §§ 2699, subd. (h), 2699.3; see also Stats. 2003, ch. 906, § 1 [Act "ensur[es] that state labor law enforcement agencies' enforcement actions have primacy over any private enforcement efforts undertaken pursuant to this act"]; Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 1809 (2003–2004 Reg. Sess.) as amended July 27, 2004, p. 5 [purpose of amendment to Act to "allow[] the [LWDA] to act first on more 'serious' violations such as wage and hour violations"]) and would give no effect to the 2004 amendment to the Act requiring section 2699.3, subdivision (a)'s administrative procedures be followed before an aggrieved employee can pursue a civil action for civil penalties for violations of Labor Code provisions specified in section 2699.5. (*Stafford v. Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805 [249 P.2d 241] [Legislature presumed not to have engaged in idle acts in amending statute: "Rather every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect"]; see also *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1392 [241 Cal.Rptr. 67, 743 P.2d 1323] ["Statutes are to be given a reasonable and commonsense interpretation consistent with the apparent legislative purpose and intent 'and which, when applied, will result in wise policy rather than mischief or absurdity.' [Citation.]"]; *Flannery v. Prentice* (2001) 26 Cal.4th 572, 578 [110 Cal.Rptr.2d 809, 28 P.3d 860] [courts avoid any construction of a statute that will produce absurd consequences].)

■ Although the fact plaintiffs seek unpaid wages and statutory penalties as well as civil penalties does not exempt them from compliance with section 2699.3, subdivision (a)'s administrative procedures, only the portions of the hybrid causes of action seeking civil penalties are objectionable. A demurrer is not the appropriate vehicle to challenge a portion of a cause of action demanding an improper remedy. (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1047 [134 Cal.Rptr.2d 260] ["a demurrer cannot rightfully be sustained to part of a cause of action or to a particular type of damage or remedy"]; *PH II, Inc. v. Superior Court* (1995) 33 Cal.App.4th 1680, 1682 [40 Cal.Rptr.2d 169] (*PH II*) ["demurrer

does not lie to a portion of a cause of action"]; *Grieves v. Superior Court* (1984) 157 Cal.App.3d 159, 163 [203 Cal.Rptr. 556] [petitioners' punitive damage allegations not subject to real parties' demurrers]; see also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 7:42.1, p. 7-18 ["A general demurrer challenges only the sufficiency of the *cause of action* pleaded, and must be overruled if *any* valid cause of action is pleaded; a demand for improper relief does not vitiate an otherwise valid cause of action. [Citations.]"].) Thus, Caliber's demurrer to plaintiffs' first, third and fourth causes of action was properly overruled.

The appropriate procedural device for challenging a portion of a cause of action seeking an improper remedy is a motion to strike. As stated by the court in *PH II*, "We recognize that in some cases a portion of a cause of action will be substantively defective on the face of the compliant. Although a defendant may not demur to that portion, in such cases, the defendant should not have to suffer discovery . . . . We conclude that when a substantive defect is clear from the face of a complaint, such as a violation of the applicable statute of limitations or a purported claim of right which is legally invalid, a defendant may attack that portion of the cause of action by filing a motion to strike. [Citation.]" (*PH II*, *supra*, 33 Cal.App.4th at pp. 1682–1683; see also *Grieves v. Superior Court*, *supra*, 157 Cal.App.3d at p. 164 [adequacy of punitive damage allegations could have been tested by motion to strike].)

Although Caliber did not bring a motion to strike as an alternative to its demurrer, a court may "at any time in its discretion, and upon terms it deems proper[,]" "[s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state . . . ." (Code Civ. Proc., § 436, subd. (b); see, e.g., *Lodi v. Lodi* (1985) 173 Cal.App.3d 628, 630–631 [219 Cal.Rptr. 116] [court may on its own motion under Code Civ. Proc., § 436, subd. (b), strike a complaint that fails to state facts showing a primary right by the plaintiff because it is "not drawn in conformity with the laws of this state"].) Because those portions of plaintiffs' first, third and fourth causes of action seeking civil penalties for violations of Labor Code provisions specified in section 2699.5 are clearly objectionable based on their failure to plead compliance with the prefiling notice and exhaustion requirements in section 2699.3, subdivision (a), we direct the trial court to strike their demands for civil penalties in those causes of action.[19]

---

[19] As with their causes of action for only civil penalties, plaintiffs are not precluded from later requesting leave to amend their first amended complaint to seek civil penalties for the Labor Code violations alleged in the first, third and fourth causes of action but must first satisfy the requirements of section 2699.3, subdivision (a). (§ 2699.3, subd. (a)(2)(C).)

c. *The third category: causes of action seeking only unpaid wages or statutory penalties or both*

As discussed above, the second and fifth causes of action seek unpaid wages and statutory penalties; the sixth, seventh and 10th causes of action seek only statutory penalties; and the eighth cause of action, which alleges Caliber failed to comply with IWC wage orders requiring employers to compensate an employee who works a split shift one hour at the minimum wage for each day the employee worked a split shift, seeks only those unpaid wages. Because none of these causes of action seeks civil penalties, these claims do not implicate the Act. Plaintiffs, therefore, were not required to comply with the Act's administrative prerequisites to filing suit before pursuing the second, fifth, sixth, seventh, eighth and 10th causes of action. Caliber's demurrer was properly overruled as to those six causes of action.[20]

d. *The fourth category: the section 17200 cause of action*

With respect to the Business and Professions Code section 17200 cause of action, to the extent plaintiffs allege Caliber's violations of substantive Labor Code provisions constitute unlawful and unfair business practices and seek equitable remedies for those violations, their section 17200 cause of action does not seek civil penalties and, therefore, is not subject to the prefiling notice and exhaustion requirements in section 2699.3, subdivision (a). Accordingly, Caliber's demurrer to the section 17200 cause of action was properly overruled.

## DISPOSITION

The petition for writ of mandate is granted in part and denied in part. The petition is denied as to the first, second, third, fourth, fifth, sixth, seventh, eighth, 10th and 13th causes of action in plaintiffs' first amended complaint; as to each of those causes of action, the demurrer was properly overruled. The petition is granted as to the ninth, 11th and 12th causes of action; and a peremptory writ of mandate shall issue directing respondent superior court to vacate its order overruling the demurrer to those three causes action and to enter a new order sustaining the demurrer to each of those causes of action

---

[20] Neither plaintiffs nor Caliber addressed whether a private right of action exists based on alleged violations of the IWC wage orders. Because Caliber did not demur to the cause of action on that basis, instead focusing solely on plaintiffs' failure to plead compliance with section 2699.3, subdivision (a)'s administrative procedures, we likewise do not consider that issue.

without leave to amend. The trial court also is directed in its new order to strike those portions of plaintiffs' first amended complaint in the first, third and fourth causes of action that seek civil penalties for violations of Labor Code provisions enumerated in section 2699.5. The parties are to bear their own costs in this writ proceeding.

Woods, J., and Zelon, J., concurred.