Filed 2/20/25 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOELY NG,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>LOS ALAMITOS MEDICAL CENTER, INC., et al.,<br><br>    Real Parties in Interest. | G064257<br><br>(Super. Ct. No. 30-2023-01360050)<br><br>ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |

It is hereby ordered that the opinion filed herein on January 29, 2025, is MODIFIED as follows: On page 3, last full paragraph, last line beginning with "In addition to economic damages . . . ," delete "and (2) for the survival claim, damages for the Decedent's pre-death pain and suffering, up to the cap allowed in Code of Civil Procedure section 377.34, subdivision (b)"

and replace with "and (2) for the survival claim, damages for the Decedent's pre-death pain and suffering available under Code of Civil Procedure section 377.34, subdivision (b), up to the cap allowed in Civil Code section 3333.2."

This modification does not change the judgment.

DELANEY, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

MOTOIKE, J.

Filed 1/29/25 (unmodified opinion)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOELY NG,<br><br>      Petitioner,<br><br>           v.<br><br>THE SUPERIOR COURT OF<br>ORANGE COUNTY,<br><br>      Respondent;<br><br>LOS ALAMITOS MEDICAL<br>CENTER, INC., et al.,<br><br>      Real Parties in Interest. | G064257<br><br>  (Super. Ct. No. 30-2023-<br>01360050)<br><br>O P I N I O N |

ORIGINAL PROCEEDINGS in mandate. Nick A. Dourbetas, Judge. Petition granted.

Angelo & Di Monda and Joseph Di Monda; Law Offices of Marshall Silberberg, Marshall Silberberg and Will Collins, for Petitioner.

No appearance for Respondent.

Murchison & Cumming and Darin W. Flagg for Real Party in Interest Los Alamitos Medical Center, Inc.

Cole Pedroza, Kenneth R. Pedroza and Matthew S. Levinson; Creason, Tucker & Associates, James A. Creason and Mary S. Lee, for Real Party in Interest Timnit Tekeste.

\* \* \*

In this case for medical malpractice and wrongful death, plaintiff Joely Ng (Ng) and defendant Los Alamitos Medical Center, Inc. (the Medical Center), dispute whether recent amendments to the cap on noneconomic damages (Civ. Code, § 3333.2) under the Medical Injury Compensation Reform Act of 1975 (MICRA) and to the availability of noneconomic damages in survival actions (Code Civ. Proc., § 377.34)[1] permit Ng to recover noneconomic damages under one or two MICRA caps. In this petition, Ng seeks a writ of prohibition or mandate directing respondent court to vacate its May 24, 2024, order granting the Medical Center's motion to strike portions of Ng's complaint that allege her entitlement to seek two MICRA caps. We conclude Ng's claims are subject to two separate MICRA caps. Accordingly, we grant the petition and direct the court to vacate its order and enter a new and different order denying the motion.

## FACTS

In October 2023, Ng filed a complaint against the Medical Center and doctors Kathleen McMahon, Ahmed Badr, Lihong Wu, and Timnit Tekeste, based on the following allegations. Ng's husband, Kenneth Ng (the Decedent), was admitted to the Medical Center in December 2022 due to a

---

[1] All further statutory references shall be to the Code of Civil Procedure unless otherwise stated.

malfunction of his G-tube. In the emergency room, McMahon replaced the G-tube—but placed it in the wrong location inside the Decedent's body—and misread a portable X-ray as indicating that it had been properly placed. The Decedent was then admitted to the hospital, where he was seen by Badr, Wu, and Tekeste; all three failed to perform testing to confirm proper placement of the G-tube. When the tube feedings started, the Decedent began to complain of severe pain. A radiologist later reviewed the X-ray film and realized the error. During this time, the Decedent had been continually fed through his G-tube, which caused him to develop sepsis and ultimately die roughly three months after his admission to the Medical Center.

Based on these allegations, the complaint alleges two causes of action against all defendants: (1) wrongful death, in Ng's individual capacity; and (2) medical malpractice, in Ng's capacity as successor in interest to the Decedent (the survival claim). In addition to economic damages, Ng sought noneconomic damages for each claim: (1) for the wrongful death claim, damages for the loss of the Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support, up to the cap allowed in Civil Code section 3333.2; and (2) for the survival claim, damages for the Decedent's pre-death pain and suffering, up to the cap allowed in Code of Civil Procedure section 377.34, subdivision (b).

Objecting to Ng's request for two separate caps for noneconomic damages, the Medical Center filed a motion to strike the following language from the complaint (at paragraph 20 and repeated verbatim in the prayer): "This is ***separate, apart, and in addition to*** the general damages sought by Kenneth Ng's widow in the first cause of action. (See *Keys v. Alta Bates Summit Medical Center* (2015) 235 Cal.App.4th 484,488; *Atkins v. Strayhorn* (1990) 223 Cal.App.3d 1380.)" Although the Medical Center agrees that Ng is

3

entitled to seek noneconomic damages for both claims, it contends those damages are subject to one MICRA cap. In other words, the Medical Center interprets the relevant statutes as prohibiting Ng from recovering two separate noneconomic damages caps, one for each claim.

Respondent court granted the motion. The court reasoned that because "the wrongful death claim is not separate and distinct from a medical negligence claim, it cannot be . . . subject to a separate MICRA cap." The court, however, "noted that while the MICRA cap affects the final judgment, it does not have any impact on the jury's verdict itself or the amount determined to be plaintiff's actual noneconomic losses." Although the court denied leave to amend, it did so "without prejudice to plaintiff bringing a motion for leave to amend to assert the two claims as separate and distinct for purposes of the MICRA cap, should plaintiff discover and allege facts that support a finding the wrongful death claim is separate and distinct from the medical negligence claim."

On June 6, 2024, Ng filed the instant petition. At our invitation, the Medical Center and Tekeste filed preliminary oppositions. We then issued an order directing respondent court to show cause why mandate or other appropriate relief should not issue, real parties in interest to file a formal return, and Ng to file a formal reply. The Medical Center filed a "formal brief

in response to petition,"[2] Tekeste filed a return, and Ng filed a reply.

## DISCUSSION

A trial court may "[s]trike out any irrelevant, false, or improper matter inserted in any pleading" and "all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court." (§ 436, subds. (a), (b).) Generally, we review a ruling on a motion to strike for abuse of discretion. (*Cal-Western Business Services, Inc. v. Corning Capital Group* (2013) 221 Cal.App.4th 304, 309.) But where, as here, the ruling concerns "the proper interpretation of a statute, and its application to undisputed facts," it is a question of law which we review de novo. (*Ibid.*)

At issue here is whether the recent amendment to Code of Civil Procedure section 377.34, which authorizes a decedent's personal representative or successor in interest to recover noneconomic damages, means a plaintiff can seek two MICRA cap awards (one for himself or herself and one for the decedent) under Civil Code section 3333.2. We conclude it does. Because a wrongful death claim and a survival claim—even when premised on the same alleged medical malpractice—are separate and distinct claims, a plaintiff suing for both claims can seek to recover two MICRA caps.

---

[2] Because the Medical Center's "response is not a demurrer or verified answer, it does not constitute a 'return' and does not effectively deny any of the allegations in the petition." (*Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 372, fn. 5, disapproved on other grounds by *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 196, fn. 8.) Thus, as against the Medical Center, "all facts pleaded in the petition are accepted as true. [Citation.] That consequence, however, has little, if any, significance in this proceeding, which involves an issue of statutory interpretation . . . ." (*Caliber Bodyworks, Inc.*, at p. 373, fn. 5.)

Civil Code section 3333.2, former subdivisions (a) and (b), provided: "In any action for injury against a health care provider based on professional negligence, the injured plaintiff shall be entitled to recover noneconomic losses to compensate for pain, suffering, inconvenience, physical impairment, disfigurement and other nonpecuniary damage," up to $250,000. (Stats. 1975, 2nd Ex. Sess., ch. 1, p. 3969, § 24.6, amended by Stats. 1975, 2nd Ex. Sess., ch. 2, p. 3991, § 1.191.) The $250,000 MICRA cap applied to claims for wrongful death based on medical malpractice. The cap, however, was not relevant to a survival cause of action. This was because, prior to 2022, damages for the decedent's "pain, suffering, or disfigurement" were not recoverable in a survival action. (Code Civ. Proc., former § 377.34; Stats. 1992, ch. 178, § 20.)

Ng's action, filed in 2023, is subject to the recent amendments to these statutes. As relevant here, effective January 1, 2022, subdivision (b) was added to section 377.34 of the Code of Civil Procedure to allow for the recovery of damages for a decedent's "pain, suffering, or disfigurement" in survival actions "filed on or after January 1, 2022, and before January 1, 2026." (Stats. 2021, ch. 448, § 1.) It also provided that "[n]othing in this section alters Section 3333.2 of the Civil Code." (Code Civ. Proc., § 377.34, subd. (e).) Effective January 1, 2023, Civil Code section 3333.2 was amended to, among other things, increase the $250,000 cap on noneconomic damages. (*Id.*, § 3333.2, subds. (a)–(c) [$350,000 in medical malpractice cases not involving wrongful death, $500,000 in wrongful death cases, with annual increases]; Stats. 2022, ch. 17, § 3.) These amendments raised the question of whether a survival claim was subject to a separate MICRA cap.

*Atkins v. Strayhorn* (1990) 223 Cal.App.3d 1380 (*Atkins*) is instructive here. In *Atkins*, the appellate court held that under Civil Code

6

section 3333.2, husband and wife plaintiffs suing in one action could each recover a MICRA cap for their separate claims, the husband's action for negligence and the wife's action for loss of consortium, both of which stemmed from the same incident of medical malpractice. (*Atkins*, at pp. 1394–1395.) "Although [the wife's] cause of action arises from bodily injury to her husband," the court held that loss of consortium was a separate action because "the injury suffered is personal to her." (*Id.* at p. 1394.)

The Medical Center attempts to distinguish *Atkins* by pointing to the fact that it involved a claim of loss of consortium and not wrongful death. This is a distinction without a difference. Pursuant to *Atkins*, the relevant question here is whether a wrongful death claim and a survival claim, stemming from the same alleged incident of medical malpractice, are separate claims such that they are entitled to separate MICRA caps. The answer is yes.

A survival claim (§ 377.30) is "a separate and distinct cause of action which belonged to the decedent before death but, by statute, survives that event. [Citation.] The survival statutes do not create a cause of action. Rather, '[t]hey merely prevent the abatement of the cause of action of the injured person, and provide for its enforcement by or against the personal representative of the deceased.'" (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1264 (*Quiroz*).)

In contrast, a wrongful death claim (§ 377.60) compensates the heirs of the decedent "for the loss of companionship and for other losses suffered as a result of the decedent's death." (*Quiroz, supra,* 140 Cal.App.4th at p. 1263.) Such "[d]amages . . . are in the nature of compensation for personal injury to the heir" and "include (1) the loss of the decedent's financial support, services, training and advice, and (2) the pecuniary value

7

of the decedent's society and companionship." (*Id.* at p. 1264.) "Unlike some jurisdictions wherein wrongful death actions are derivative," California's wrongful death statute "'creates a *new cause of action* in favor of the heirs as beneficiaries, based upon their own independent pecuniary injury suffered by loss of a relative, and distinct from any the deceased might have maintained had he survived.'" (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 283.)

Crucially, a wrongful death claim *may not* include any damages recoverable as part of a survival claim, and the claims may be tried separately. (§ 377.61; *Wilson v. John Crane, Inc.* (2000) 81 Cal.App.4th 847, 861.) For these reasons, we conclude respondent court erred in finding the claims were "not separate and distinct" and subject to one MICRA cap.

DISPOSITION

The petition is granted. Let a peremptory writ of mandate issue, directing the trial court to vacate its May 24, 2024, order granting the Medical Center's motion to strike and to issue a new and different order denying the motion. Petitioner to recover costs of this proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)


DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


MOTOIKE, J.


8