[No. B185247. Second Dist., Div. Three. July 27, 2006.]

OMAR DUNLAP, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
BANK OF AMERICA, N.A., Real Party in Interest.

---

**COUNSEL**

Initiative Legal Group, Mark Yablonovich, Marc Primo and Shawn Westrick for Petitioner.

No appearance for Respondent.

Paul, Hastings, Janofsky & Walker, M. Kirby C. Wilcox, Stephen P. Sonnenberg and Christopher M. Bissonnette for Real Party in Interest.

---

**OPINION**

**KLEIN, P. J.**—Plaintiff Omar Dunlap, a former employee of defendant Bank of America, N.A. (Bank), seeks a writ of mandate directing the trial court to

vacate its order granting the Bank's motion to strike certain portions of Dunlap's first amended class action complaint and to enter an order denying the motion to strike.

The essential issue presented is whether the trial court properly struck Dunlap's claims for statutory penalties on the ground he failed to exhaust his administrative remedies in accordance with the Labor Code Private Attorneys General Act of 2004 (PAG Act) (Lab. Code, § 2698 et seq.).[1]

■ Dunlap's second through fifth causes of action, which are at issue herein, did not seek any penalties which previously were recoverable only by the Labor and Workforce Development Agency (LWDA). The only penalties being sought therein were various statutory penalties, which penalties already were recoverable by employees under the Labor Code prior to the adoption of the PAG Act. Therefore, Dunlap was not required to comply with the PAG Act's administrative prerequisites to filing suit before pursuing statutory penalties in said causes of action.

Accordingly, the trial court erred in granting the motion to strike. We grant the relief requested.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2005, Dunlap filed the operative first amended proposed class action complaint individually and on behalf of current and former Bank employees as well as the general public. The complaint, which seeks damages as well as statutory penalties for various alleged Labor Code violations, pleads the following causes of action: (1) violation of sections 510 and 1198 (overtime compensation); (2) violation of section 226, subdivision (a) (record-keeping requirements); (3) violation of sections 201 and 202 (immediate payment of wages upon discharge, layoff or resignation); (4) violation of section 204 (duty to pay wages semimonthly); (5) violation of sections 226.7, subdivision (a) and 512, subdivision (a) (mandated meal or rest periods); (6) conversion and theft of labor; and (7) violation of Business and Professions Code section 17200 (unlawful business acts and practices).

By way of relief, Dunlap sought, inter alia, damages, statutory penalties pursuant to various Labor Code sections, prejudgment interest, costs and attorney fees. Dunlap also requested the matter be certified as a class action.[2]

Bank filed a motion to strike certain portions of the complaint as irrelevant, false and/or improper (Code Civ. Proc., § 435 et seq.) on the ground Dunlap

---

[1] All further statutory references are to the Labor Code, unless otherwise indicated.

[2] The trial court apparently has yet to rule on class certification and that issue is not before us.

had failed to exhaust his administrative remedies on his claims for statutory penalties pursuant to the PAG Act (§ 2698 et seq.) as amended in August 2004. (§§ 2699, 2699.3, 2699.5.) The motion to strike was directed at specific language in the complaint relating to Dunlap's claims for statutory penalties.

Bank contended the trial court lacked jurisdiction over Dunlap's claims for Labor Code penalties in counts two through five because he failed to exhaust his administrative remedies; the PAG Act amendments which took effect in August 2004 require that all claims for statutory penalties be administratively exhausted before a civil suit may be filed; and the exhaustion requirement applies to the Labor Code penalties sought in Dunlap's complaint.

In opposition, Dunlap argued the exhaustion requirements of the PAG Act do not apply to lawsuits brought directly under section 218, extant since 1937. The PAG Act, at section 2699.5, enumerates the Labor Code sections which are subject to the exhaustion requirement and section 218 is absent from that list. Had the Legislature intended for the PAG Act to apply to actions brought pursuant to section 218, it would have included section 218 among the statutes set forth in section 2699.5.

In reply, Bank asserted Dunlap had a right of private action under section 218 (which pertains only to "this article," i.e., §§ 200 to 243), but prior to seeking statutory penalties for substantive violations under that article, a plaintiff must follow the administrative exhaustion procedures outlined in section 2699.3.

On June 22, 2005, the matter was heard and the trial court granted the motion to strike. The trial court concurred in the Bank's argument that Dunlap's interpretation "would make [section] 2699 effectively meaningless. No private litigant would ever bring an action under [section] 2699. [¶] . . . [¶] They would always explain [section] 218 was . . . the tool they were using."

The formal order struck various penalty allegations from the complaint "upon the grounds that [Dunlap] failed to exhaust his administrative remedies on his claims for statutory penalties under the California Labor Code as required by [the PAG Act]."

On August 19, 2005, Dunlap filed the instant petition for writ of mandate, seeking the issuance of a writ directing the trial court to vacate its order granting the motion to strike and to enter a new order denying the motion. This court issued an order to show cause.

## CONTENTIONS

Dunlap contends the PAG Act's exhaustion of administrative remedies requirement does not apply to a plaintiff who is not bringing an action or seeking penalties under the PAG Act. He contends he is entitled to sue directly under section 218 for the broad relief that he is seeking on behalf of himself and others, and that such action is not subject to the PAG Act's exhaustion requirement.

## DISCUSSION

1. *Overview of section 200 et seq.*

Labor Code division 2, part 1, chapter 1, article 1 (hereafter Article 1), consisting of sections 200 through 243, pertains to payment of wages. Article 1 was enacted in 1937 (Stats. 1937, ch. 90, p. 185), has been amended repeatedly over the years and remains extant.

The relevant substantive provisions of Article 1, as pled in the complaint, are section 226, subdivision (a) (second cause of action), sections 201, 202 and 203 (third cause of action), section 204 (fourth cause of action) and section 226.7, subdivision (a) (fifth cause of action).

Section 226, subdivision (a), imposes various record-keeping requirements with respect to wages, hours, deductions and the like. Section 226, at subdivision (e), authorizes an aggregate penalty not exceeding $4,000 for violation of subdivision (a) of said statute.

Sections 201 and 202, respectively, require immediate payment of wages upon discharge or resignation. If an employer willfully fails to pay wages in accordance with sections 201 or 202, section 203 imposes the following penalty: "the wages of the employee shall continue . . . from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." (§ 203.)

Section 204 provides that with certain exceptions, "[a]ll wages . . . are due and payable twice during each calendar month . . . ."

Section 226.7, subdivision (a), prohibits an employer from requiring an employee to work during any mandated meal or rest period. "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." (§ 226.7, subd. (b).)

With respect to enforcement of Article 1, the statutory scheme provides at section 217: "The Division of Labor Law Enforcement shall inquire diligently for any violations of this article, and, in cases which it deems proper, shall institute the actions for the penalties provided for in this article and shall enforce this article."

■ Section 218, upon which Dunlap relies, addresses the authority of the district attorney as well as the wage claimant to enforce Article 1. Section 218 provides: "Nothing in this article shall limit the authority of the district attorney of any county or prosecuting attorney of any city to prosecute actions, either civil or criminal, for violations of this article or to enforce the provisions thereof independently and without specific direction of the division. *Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article.*" (Italics added.) Thus, section 218 empowered a wage claimant to sue directly to recover any wages or penalties personally due the employee under Article 1.

The issue before us is the relationship of various provisions in Article 1, section 200 et seq., to the recently adopted PAG Act, section 2698 et seq. We now turn to this latest enactment.

2. *The PAG Act created an alternative private attorney general system for labor law enforcement.*

As explained below, the PAG Act was adopted to empower aggrieved employees, acting as private attorneys general, to seek civil penalties for Labor Code violations, penalties which previously could be assessed only by state agencies.[3]

The PAG Act does not purport to be the exclusive remedy for addressing Labor Code violations. Section 2699 states in pertinent part at subdivision (g)(1): "Nothing in this part [i.e., the PAG Act] *shall operate to limit an employee's right to pursue or recover other remedies* available under state or federal law, either separately or concurrently with an action taken under this part." (Italics added.)

---

[3] Under the PAG Act, "civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce Development Agency [LWDA] for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code . . . ; and 25 percent to the aggrieved employees." (§ 2699, subd. (i).)

a. *The PAG Act was adopted to augment the enforcement abilities of the Labor Commissioner with a private attorney general system for labor law enforcement.*

The PAG Act provides in relevant part at section 2699, subdivision (a): *"Notwithstanding any other provision of law,* any provision of this code that provides for a civil penalty to be assessed and collected by the [LWDA] or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, *may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."* (Italics added.)

■ Thus, the PAG Act empowers or deputizes an aggrieved employee to sue for civil penalties "on behalf of himself or herself and other current or former employees" (§ 2699, subd. (a)), as an alternative to enforcement by the LWDA.

The Legislature declared its intent as follows: "(c) Staffing levels for state labor law enforcement agencies have, in general, declined over the last decade and are likely to fail to keep up with the growth of the labor market in the future. [¶] (d) *It is therefore in the public interest to provide that civil penalties for violations of the Labor Code may also be assessed and collected by aggrieved employees acting as private attorneys general,* while also ensuring that state labor law enforcement agencies' enforcement actions have primacy over any private enforcement efforts undertaken pursuant to this act." (Stats. 2003, ch. 906, § 1, italics added.)

The final bill analysis for the 2003 legislation states: "This bill allows employees to sue their employers for civil penalties for employment law violations. *This bill is intended to augment the enforcement abilities of the Labor Commissioner by creating an alternative 'private attorney general' system for labor law enforcement."* (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 796 (2003–2004 Reg. Sess.) as amended Sept. 2, 2003, p. 2, italics added.)

The final bill analysis explains: "Existing law authorizes the [LWDA] . . . to assess and collect civil penalties for violations of the Labor Code, where specified. [¶] Existing law authorizes the Attorney General and other public prosecutors to pursue misdemeanor charges against violators of specified provisions of the code. [¶] Existing law authorizes an individual employee to file a claim with the Labor Commissioner alleging that [the] employer has violated specified provisions of the code, and to sue the employer directly for damages, reinstatement, and other appropriate relief if the Commissioner

declines to bring an action based on the employee's complaint. [¶] Existing law further provides that any person acting for itself, its members, or the general public, may sue to enjoin any unlawful, unfair, or fraudulent business act or practice, and to recover restitution and disgorgement of any profits from the unlawful activity. [¶] This bill is entitled the 'Labor Code Private Attorneys General Act of 2004,' *and establishes an alternative 'private attorney general' system for labor law enforcement that allows employees to pursue civil penalties for employment law violations.*" (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 796 (2003–2004 Reg. Sess.) as amended Sept. 2, 2003, pp. 2–3, italics added.)

> b. *Due to perceived abuses, the PAG Act was amended in 2004 to require exhaustion of administrative remedies prior to commencement of a civil action.*

■ In August 2004, Senate Bill No. 1809 (2003–2004 Reg. Sess.) was adopted as an urgency measure to amend the PAG Act. The 2004 amendment added a new section to the PAG Act, section 2699.3, requiring exhaustion of administrative remedies prior to commencement of a civil action.[4]

The 2004 bill amendment imposed specified procedural and administrative requirements that must be met prior to bringing a private action to recover civil penalties for Labor Code violations. (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 1809 (2003–2004 Reg. Sess.) as amended July 27, 2004, p. 2; § 2699.3.) The Senate floor analysis stated "SB 1809 improves SB 796 by allowing the Labor Agency to act first

---

[4] Section 2699.3 provides in relevant part: "(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence *only after the following requirements have been met*: [¶] (1) The aggrieved employee or representative shall give written notice by certified mail to the [LWDA] and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation. [¶] (2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699. [¶] (B) If the agency intends to investigate the alleged violation, it shall notify the employer and the aggrieved employee or representative by certified mail of its decision within 33 calendar days of the postmark date of the notice received pursuant to paragraph (1). Within 120 calendar days of that decision, the agency may investigate the alleged violation and issue any appropriate citation. If the agency determines that no citation will be issued, it shall notify the employer and aggrieved employee of that decision within five business days thereof by certified mail. Upon receipt of that notice or if no citation is issued by the agency within the 158-day period prescribed by subparagraph (A) and this subparagraph or if the agency fails to provide timely or any notification, the aggrieved employee may commence a civil action pursuant to Section 2699." (Italics added.)

on more 'serious' violations such as wage and hour violations and give employers an opportunity to cure less serious violations. The bill protects businesses from shakedown lawsuits, yet ensures that labor laws protecting California's working men and women are enforced—either through the Labor Agency or through the courts." (Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 1809 (2003–2004 Reg. Sess.) as amended July 27, 2004, pp. 5–6.)

■ Section 2699.3, subdivision (a)'s administrative procedures apply to actions to recover civil penalties for alleged violations of numerous Labor Code provisions *specifically identified in section 2699.5.* (§ 2699.3, subd. (a).) In particular, the "provisions of subdivision (a) of Section 2699.3 shall apply to any alleged violation of the following provisions: . . . Section . . . 201, . . . 202, 203, . . . 204, . . . subdivision (a) of Section 226, Section 226.7 . . . ." (§ 2699.5.)

>    3. *Not all statutory penalties are "civil penalties" subject to the exhaustion requirements of the PAG Act.*

As Justice Perluss cogently explained in *Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365 [36 Cal.Rptr.3d 31] (*Caliber*), not all statutory penalties are "civil penalties" subject to the PAG Act. (*Id.* at pp. 377–378.) One must "distinguish between a request for statutory penalties provided by the Labor Code for employer wage-and-hour violations, *which were recoverable directly by employees well before the [PAG] Act became part of the Labor Code,* and a demand for 'civil penalties,' previously enforceable only by the State's labor law enforcement agencies." (*Id.* at p. 377, italics added.)

An example of the former is section 203, which obligates an employer who willfully fails to pay wages due an employee who is discharged or quits *to pay the employee,* in addition to the unpaid wages, *a penalty* equal to the employee's daily wages for each day, not exceeding 30 days, that the wages are unpaid. (*Caliber, supra,* 134 Cal.App.4th at p. 377.)

Examples of "the latter are section 225.5, which provides, in addition to any other penalty that may be assessed, an employer that unlawfully withholds wages in violation of certain specified provisions of the Labor Code is subject to a civil penalty *in an enforcement action initiated by the Labor Commissioner* in the sum of $100 per employee for the initial violation and $200 per employee for subsequent or willful violations,[5] and section 256,

---

[5] Section 225.5 provides: "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty

*which authorizes the Labor Commissioner* to 'impose a civil penalty in an amount not exceeding 30 days pay as waiting time under the terms of Section 203.' " (*Caliber, supra,* 134 Cal.App.4th at p. 378.)

■ *Caliber* elaborated, "an employer is potentially liable for unpaid wages and interest, statutory penalties *and* civil penalties for many violations of Labor Code wage-and-hour provisions. For example, an employee not fully paid upon discharge or layoff as required by section 201 (one of the Labor Code provisions identified in section 2699.5) may be entitled to recover not only . . . unpaid wages but also the statutory penalty provided by section 203 (another provision listed in section 2699.5) *and the civil penalty provided by section 256.* An action seeking the first two categories of damages, although requesting statutory penalties, is not subject to the [PAG] Act's prefiling notice and exhaustion requirements; an action seeking the third category of recoverable damages, whether alone or in combination with a prayer for other remedies, is: *To be subject to the [PAG] Act, the employee's cause of action must allege a violation of one of the provisions listed in section 2699.5 (§ 2699.3, subd. (a)) and seek recovery of a 'civil penalty' assessable by the [LWDA] (§ 2699, subds. (a) & (f))." (Caliber, supra,* 134 Cal.App.4th at p. 378, some italics added.)[6]

■ In other words, "[t]he [PAG] Act's requirements, including its administrative prerequisites to filing suit in section 2699.3, subdivision (a), . . . are triggered when an aggrieved employee seeks civil penalties for violation of a Labor Code provision that previously provided for recovery of a civil penalty by the Labor Commissioner." (*Caliber, supra,* 134 Cal.App.4th at p. 382.)

---

as follows: [¶] (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. [¶] (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld. [¶] *The penalty shall be recovered by the Labor Commissioner* as part of a hearing held to recover unpaid wages and penalties or in an independent civil action. The action shall be brought in the name of the people of the State of California and the Labor Commissioner and attorneys thereof may proceed and act for and on behalf of the people in bringing the action. Twelve and one-half percent of the penalty recovered shall be paid into a fund within the [LWDA] dedicated to educating employers about state labor laws, and the remainder shall be paid into the State Treasury to the credit of the General Fund." (Italics added.)

[6] There is no merit to the Bank's contention that *Caliber* "doubled" an employer's exposure to Labor Code penalties. As explained in *Caliber,* the statutory scheme authorizes an employee to recovery a statutory penalty, e.g., under section 203, for failure to pay wages timely, as well as a civil penalty, e.g., under section 256, for waiting time. The PAG Act simply deputizes an employee to recover a penalty under section 256, which penalty previously was recoverable only by the Labor Commissioner.

4. *The statutory penalties pled in Dunlap's complaint already were recoverable by an employee prior to the adoption of the PAG Act and thus are not subject to the Act's exhaustion requirements.*

The Bank's motion to strike Dunlap's claims for statutory penalties was directed at the second through fifth cause of action. We address them seriatim.

a. *Second cause of action.*

The second cause of action pleads the Bank failed to maintain records in accordance with section 226, subdivision (a), and seeks statutory penalties pursuant to subdivision (e) of that statute.

Section 226, subdivision (e), states: "(e) *An employee* suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) *is entitled to recover* the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." (Italics added; see Stats. 2002, ch. 933, § 1; Stats. 2003, ch. 329, § 3.)[7]

Thus, an employee was entitled to recover a statutory penalty under section 226, subdivision (e), prior to the adoption of the PAG Act.

b. *Third cause of action.*

The third cause of action pleads the Bank violated sections 201 and 202 by failing to pay promptly to Dunlap and others their wages earned and unpaid at the time of either discharge or resignation. For these alleged violations, the third cause of action seeks statutory penalties pursuant to section 203, commonly known as "waiting time wages." (*Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.* (2002) 102 Cal.App.4th 765, 779 [125 Cal.Rptr.2d 804].)

Section 203 states in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 [or] 202 . . . any wages of an employee who is discharged or who quits, *the wages of the employee shall continue as a penalty from the due date thereof at the same*

---

[7] Subsequent amendments to section 226, in 2004 and 2005, did not alter the pertinent language in subdivision (e). (Stats. 2004, ch. 860, § 1; Stats. 2005, ch. 103, § 1.)

*rate until paid* or until an action therefor is commenced; but the wages shall not continue for more than 30 days." (Italics added; Stats. 1997, ch. 92, § 1.)

Thus, an employee was entitled to recover a statutory penalty under section 203 prior to the adoption of the PAG Act. (See, e.g., *Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc., supra,* 102 Cal.App.4th at pp. 779–780.)

### c. *Fourth cause of action.*

The fourth cause of action alleges the Bank violated section 204. That section provides that with certain exceptions, "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month . . . ." (§ 204.)

Although the fourth cause of action seeks recovery of unpaid wages, it does not seek any statutory penalties. Therefore, with respect to the fourth cause of action, the Bank's motion to strike statutory penalty allegations was misdirected.

### d. *Fifth cause of action.*

The fifth cause of action seeks statutory penalties pursuant to section 226.7, subdivision (b) for the Bank's alleged failure to provide mandated meal or rest periods.

Section 226.7, subdivision (b) provides: "(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, *the employer shall pay the employee* one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." (Stats. 2000, ch. 876, § 7, italics added.)

Thus, an employee was entitled to recover a statutory penalty under section 226.7, subdivision (b), prior to the adoption of the PAG Act.

### e. *Conclusion regarding Dunlap's claims for statutory penalties.*

The second through fifth causes of action did not seek any penalties which previously were recoverable only by the LWDA. The only penalties being sought therein were various statutory penalties, which penalties already were recoverable by employees prior to the adoption of the PAG Act. Therefore,

Dunlap was not required to comply with the PAG Act's administrative prerequisites to filing suit before pursuing statutory penalties in said causes of action.[8, 9]

Accordingly, the trial court erred in granting the Bank's motion to strike.

## DISPOSITION

The order to show cause is discharged. The petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing respondent superior court to vacate its June 22, 2005 order granting the Bank's motion to strike and to enter a new and different order denying the motion. Dunlap shall recover his costs in this proceeding. (Cal. Rules of Court, rule 56(*l*).)

Croskey, J., and Kitching, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied November 15, 2006, S147196. Chin, J., did not participate therein.

---

[8] The fact Dunlap's complaint seeks penalties on behalf of others as well as himself does not bring this action within the PAG Act. The key is the nature of the penalties being sought, not whether class relief is being sought.

[9] If our interpretation is not what the Legislature intended, the PAG Act could use clarification. (*International Longshoremen's & Warehousemen's Union v. Los Angeles Export Terminal, Inc.* (1999) 69 Cal.App.4th 287, 304, fn. 6 [81 Cal.Rptr.2d 456].)