**Shirley GARNETT, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**ADT LLC, and Does 1 through 50, inclusive, Defendants.**

**CIV. NO. 2:14–02851 WBS DAD**

United States District Court, E.D. California.

Signed October 6, 2015

Robin G. Workman, Aviva N. Roller, Workman Law Firm, PC, San Francisco, CA, for Plaintiff.

Linda Claxton, Christopher M. Ahearn, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., San Francisco, CA, for Defendants.

### MEMORANDUM AND ORDER RE: CROSS–MOTIONS FOR SUMMARY JUDGMENT

**WILLIAM B. SHUBB, UNITED STATES DISTRICT JUDGE**

Plaintiff Shirley Garnett brought this putative class action against defendant ADT LLC, asserting claims arising out of the alleged failure to reimburse her and others for work-related expenses and failure to provide accurate wage statements required by California law. Defendant removed the action from San Joaquin County Superior Court under the Class Action Fairness Act of 2005. 28 U.S.C. §§ 1332(d), 1446. Pursuant to Federal Rule of Civil Procedure 56, plaintiff and defendant both move for summary judgment on plaintiff's wage statement claim.

### I. Factual and Procedural History

Plaintiff worked for defendant for two years, from July 10, 2012 through July 24, 2014, as a commission sales representative. (Garnett Decl. ¶ 2 (Docket No. 18–3).)

Plaintiff earned commissions based on the alarm systems and services she sold to homeowners. (*Id.*) Plaintiff received a training wage for her first sixteen weeks of employment and, after that, was paid solely on commission. (*Id.*) Each week, plaintiff received a commission statement from defendant describing her sales for that week. (*Id.* ¶ 4; *see also id.* Ex. C, example sales production and commission statement.) Defendant would then pay plaintiff for her commissions via check and issue a wage statement. (*Id.* ¶ 4; *see also id.* Ex. D, example earnings statement.) The wage statements did not include the total number of hours plaintiff worked. (*Id.* ¶ 5.)

In her First Amended Complaint ("FAC"), plaintiff brings claims for: (1) failure to adequately reimburse plaintiff and other employees for expenses incurred from use of their personal vehicles in the course of performing their jobs, Cal. Labor Code § 2802; (2) unlawful business practices, Cal. Bus. & Prof.Code § 17200; and (3) violations of the Private Attorney General Act ("PAGA"), Cal. Labor Code § 2699 *et seq.* (FAC ¶¶ 18–29 (Docket No. 1).) Both claims (2) and (3) are premised on a failure to provide accurate itemized wage statements, Cal. Labor Code § 226, and a failure to reimburse for work-related expenses, Cal. Labor Code § 2802.

Plaintiff seeks restitution and equitable relief under her second claim. (FAC ¶ 26.) In addition, plaintiff seeks both statutory penalties under California Labor Code section 226, which governs the furnishing of accurate wage statements to employees; and civil penalties under PAGA. (*Id.* ¶ 28.) Plaintiff seeks penalties for the 34 wage statements that fall within section 226's one year statute of limitations. (Workman Decl. ¶¶ 8, 10 (Docket No. 26–1).)

Plaintiff alleges in her FAC that she "gave written notice by certified mail to the California Labor and Workforce Development Agency and Defendant ADT, LLC, of Labor Code violations as prescribed by California Labor Code section 2699.3." (FAC ¶ 29.) She sent a notice of violation to the Labor and Workforce Development Agency ("LWDA") on October 1, 2014, (*id.*; Ahearn Decl. Ex. 12), a notice of cure on November 3, 2014, (FAC ¶ 29), and a supplementary notice of violations on May 18, 2015, (*id.*; Ahearn Decl. Ex. 13). Plaintiff did not receive written notification from the LWDA that it intended to investigate plaintiff's allegations. (FAC ¶ 29; Workman Decl. ¶ 11.)

## II. *Evidentiary Objections*

■ On a motion for summary judgment, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2). "[T]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) (quoting *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir.2001)) (internal quotation marks omitted). Even if the non-moving party's evidence is presented in a form that is currently inadmissible, such evidence may be evaluated on a motion for summary judgment so long as the moving party's objections could be cured at trial. *See Burch v. Regents of the Univ. of Cal.*, 433 F.Supp.2d 1110, 1119–20 (E.D.Cal.2006).

Defendant raises six evidentiary objections, objecting to portions of two declarations submitted by plaintiff on grounds of relevance, lack of foundation and personal knowledge, hearsay, improper legal opinion or conclusion, and contradiction of pri-

or sworn testimony. (Def.'s Obj.'s (Docket No. 31–1).)

Objections to evidence on the ground that the evidence is irrelevant, speculative, or constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself. *See Burch*, 433 F.Supp.2d at 1119–20. A court can grant summary judgment only when there is no genuine dispute of *material* fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant. Instead of objecting, parties should argue that certain facts are not material. Similarly, statements based on speculation, improper legal conclusions, or personal knowledge are not *facts* and can only be considered as arguments, not as facts, on a motion for summary judgment. Instead of challenging the admissibility of this evidence, lawyers should challenge its sufficiency. Objections on any of these grounds are superfluous, and the court will overrule them.

The court declines to rule on the admissibility of Exhibits F and G to Robin Workman's declaration or paragraph 11 of the declaration because it found it unnecessary to rely on this evidence.[1] The court overrules defendant's third objection to paragraph 10 of Workman's declaration as it is confident that plaintiff is capable of presenting this evidence in an acceptable form at trial and defendant's objection will be cured.

Defendant's objections to plaintiff's deposition testimony about whether she received hard copies of her wage statements are overruled as moot. This motion for summary judgment concerns only defendant's failure to include total hours worked on plaintiff's wage statements, not whether

hard copies of the wage statements were provided. As a result, plaintiff's testimony about how and when she received wage statements is irrelevant to this Order. Accordingly, defendant's objections are overruled.

### III. *Discussion*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial. *Id.*

Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting then-Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some

---

1. There was no need for the court to rely on the payroll registers or earning statements attached to Workman's declaration given that plaintiff attached an example commission and earning statement to her own declaration.

(*See* Garnett Decl. Ex.'s C, D.) Moreover, the fact that defendant failed to provide total hours worked on plaintiff's wage statements is undisputed.

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255, 106 S.Ct. 2505. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ... ruling on a motion for summary judgment...." *Id.* On cross-motions for summary judgment, the court "must review the evidence submitted in support of *each* cross-motion [in a light most favorable to the non-moving party] and consider each party's motions on their own merits." *Corbis Corp. v. Amazon.com, Inc.*, 351 F.Supp.2d 1090, 1097 (W.D.Wash.2004).

Both plaintiff and defendant move for summary judgment with respect to plaintiff's claim that defendant violated California Labor Code section 226(a) by failing to report hours worked on plaintiff's wage statements.

## A. Notice and Exhaustion Requirements under PAGA

Under the California Labor Code, employers may be subject to liability for violations of the law in three ways. First, certain labor code provisions allow an individual to bring a private action for unpaid wages and statutory penalties. *See, e.g.*, Cal. Labor Code § 203 (providing for statutory penalty for failure to pay wages due to an employee who quits or is discharged); *see also Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365, 377–78, 36 Cal.Rptr.3d 31 (2d Dist. 2005). The LWDA and its departments may also assess and collect civil penalties for violations of specified provisions of the Labor Code. *See, e.g.*, Cal. Labor Code § 210; *Caliber Bodyworks*, 134 Cal. App.4th at 370, 36 Cal.Rptr.3d 31. Finally, under PAGA, individuals may bring a private action against an employer for violations of specific provisions of the Labor Code and recover civil penalties. *See* Cal. Labor Code § 2699(a); *Thomas v. Home Depot USA Inc.*, 527 F.Supp.2d 1003, 1006 (N.D.Cal.2007).

Plaintiff seeks civil penalties under PAGA, Cal. Labor Code § 2699(f)(2), as well as statutory penalties under California Labor Code section 226(a). Subsection 2699(f)(2) provides a civil penalty for "all provisions of this code except those for which a civil penalty is specifically provided." An aggrieved employee who brings a PAGA claim seeking such penalties must comply with certain pre-filing notice and exhaustion requirements set forth in California Labor Code section 2699.3. *See Caliber Bodyworks*, 134 Cal.App.4th at 381, 36 Cal.Rptr.3d 31. The individual must also plead compliance with those requirements. *Id.* at 382, 36 Cal.Rptr.3d 31.

The administrative requirements are laid out in subdivision (a) of California Labor Code section 2699.3: the aggrieved employee must "give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." *Id.* § 2699.3(a)(1). The employee may then bring a civil suit containing a PAGA claim if: (1) she receives written notice from the LWDA within thirty days that the agency does not intend to investigate the alleged violation, or (2) thirty-three days pass from the date the employ-

ee provided notice to the LWDA and the LWDA does not respond. *Id.* § 2699.3(a)(2). The requirements of subdivision (a) must be met where a plaintiff alleges a violation of any Labor Code provision listed in Labor Code section 2699.5. *Id.* § 2699.3(a). Plaintiff alleges a violation of section 226(a), one of the provisions listed in section 2699.5.

Although Labor Code section 2699.3(a) provides that "a civil action by an aggrieved employee ... alleging a violation of any provision listed in Section 2699.5 shall commence only after" exhausting pre-filing notice and exhaustion requirements, *Caliber Bodyworks* recognized that a plaintiff's failure to provide notice to the LWDA prior to commencing suit need not be fatal to the plaintiff's PAGA claim if the plaintiff subsequently satisfies the notice and exhaustion requirements and amends the complaint accordingly. *See Caliber Bodyworks*, 134 Cal.App.4th at 383 n. 18, 36 Cal.Rptr.3d 31 ("[P]laintiffs certainly may follow the administrative procedures in section 2699.3, subdivision (a), and, should the LWDA choose not to investigate or cite Caliber based on the alleged violations, then request leave to amend the first amended complaint to seek civil penalties.").

Federal courts applying PAGA have also excused strict compliance with section 2699.3's notice and exhaustion requirements and have considered a PAGA claim despite delayed notice to the LDWA. In *Harris v. Vector Marketing Corp.*, the plaintiff initially pled a PAGA claim in her FAC but failed to send notice to the LWDA until almost six months later. Civ. No. 08–5198 EMC, 2010 WL 56179, at *1–2 (N.D.Cal. Jan. 5, 2010). Although the court ultimately denied the plaintiff's request for leave to amend her complaint because the PAGA claim was time barred, the court found that the delayed notice to the LWDA was not dispositive. *Id.* at *2.

The court explained that the "obvious purpose of the notice to the LWDA is to give the agency a timely opportunity to investigate the alleged violation." *Id.* "The bottom line is that [the employee] has now sent a PAGA notice and furthermore has received a response from the state agency. While [the employer] could have moved to dismiss the existing PAGA claim earlier based on the failure to exhaust, that problem has now, in essence, been cured." *Id.*

Similarly, in *Hoang v. Vinh Phat Supermarket, Inc.*, this court denied defendant's motion to dismiss with regard to plaintiffs' PAGA claim even though plaintiffs did not send written notice of their PAGA claims to LWDA until a week after filing their original complaint. Civ. No. 2:13–00724 WBS DAD, 2013 WL 4095042, *8 (E.D.Cal. May 13, 2015). Following their letter of notice to LWDA, plaintiffs filed first and second amended complaints. *Id.* at *1. This court explained that "there is no indication that plaintiffs' notice—sent so soon after the original Complaint was filed—precluded the LWDA from performing its administrative function. When plaintiffs filed the FAC, it had been well over thirty-three days since they provided notice to the LWDA." *Id.* at *7. As a result, the court held that plaintiffs had cured the defects in complying with section 2699.3's notice requirements. *Id.* at *8.

In *Cardenas v. Mclane FoodServices, Inc.*, the court found that the plaintiffs exhausted the administrative notice requirements on their PAGA claims even though the notice letter named thirty-seven specific plaintiffs but in the FAC they asserted PAGA claims "on behalf of all 'aggrieved employees.'" 796 F.Supp.2d 1246, 1259 (C.D.Cal.2011). The court found that the plaintiffs provided "reasonably detail[ed] facts and theories" that put LWDA on notice. *Id.* at 1261. LWDA responded to plaintiffs' letter indicating

that it would not investigate and this decision would not have been impacted by the "addition of a few plaintiffs." *Id.* at 1260. The court explained that "to require employees who supply specific information in a notice-providing letter to an agency to then draft new letters each time they learned of future plaintiffs or additional facts would place an enormous obstacle to pursuing PAGA claims and would require employees to conduct what would amount to discovery prior to even requesting an investigation." *Id.* at 1261–62.

 Plaintiff sent her first notice letter to LWDA on October 1, 2014 and, rather than waiting the required thirty-three days, she filed her original Complaint the same day. (Compl. (Docket No. 18–2).) In the letter, she alleged that defendant violated both California Labor Code sections 2802 and 226. (Ahearn Decl. Ex. 12.) However, her only "facts and theories" were that defendant had failed to reimburse employees for work-related expenses and failed to provide employees with hard copies of their wage statements. The notice letter also described plaintiff's PAGA claims under California Labor Code sections 2699(f) and 2699.5. (*Id.*) Plaintiff did not specifically mention defendant's failure to include total hours worked on her wage statements. (*Id.*)

Thirty-three days later, on November 3, 2014, plaintiff filed her FAC. (FAC.) Thus, as in *Hoang*, plaintiff cured the administrative default by waiting the appropriate amount of time from her notice letter before filing her amended complaint. In her FAC, plaintiff alleged that defendant failed to provide plaintiff "with accurate wage statements as required by the Labor Code ... because, among other things, [d]efendant did not provide hard copies of the statements." (FAC ¶ 6.) While the FAC suggests there are other grounds for a wage statement violation, aside from the hard copy issue, plaintiff again failed to specifically identify her claim regarding the failure to include total hours worked.

On May 18, 2015, six-and-a-half months after filing her FAC, plaintiff sent a supplemental notice letter to LWDA. (Ahearn Decl. Ex. 13.) This letter clearly notified LWDA both of the specific labor code provisions alleged to have been violated and of plaintiff's allegation that defendant violated California Labor Code section 226 by failing to "list hours worked on the wage statements." (*Id.*) The LWDA did not respond to any of plaintiff's notice letters. (Workman Decl. ¶ 11 (Docket No. 26–1).)

As in *Harris* and *Hoang*, plaintiff's notice did not preclude LWDA from performing its administrative function. The purpose of the pre-filing notice requirements is to provide LWDA with the opportunity to investigate the alleged violations. Plaintiff put LWDA on notice of the alleged violations of Labor Code section 226(a) prior to filing her FAC, even if she referred only to the failure to provide hard copies of the wage statements and not the failure to list hours worked. Moreover, her supplemental notice letter filed six-and-a-half months after her FAC (the same amount of time as in *Harris*), more specifically put LWDA on notice of the claim regarding hours worked. Presumably, LWDA had enough information on which to base an investigation, had it desired to pursue one. Lastly, plaintiff satisfied her responsibility to plead compliance with the requirements of PAGA in her complaint. (FAC ¶ 29.)

Accordingly, the court finds that plaintiff cured the defects in her conformance with section 2699.3's administrative requirements.

B. *California Labor Code Section 226(a)'s Itemized Wage Statement Requirements*

Under California Labor Code section 226(a), every employer has an obligation

"semimonthly or at the time of each payment of wages" to provide employees with "an accurate itemized statement in writing showing" nine critical payroll elements. This includes the furnishing of "total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission." Cal. Labor Code § 226(a)(2). Section 226 does not apply to governmental entities, *id.* § 226(i), or to certain employees employed by the owner or occupant of a residential dwelling, *id.* § 226(d).

If an employee suffers injury "as a result of a knowing and intentional failure by an employer to comply with subdivision (a)," the employee is "entitled to recover the greater of all damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to costs and reasonable attorney's fees." *Id.* § 226(e)(1).

### 1. The Outside Salesperson Exemption and Industrial Welfare Commission Wage Order 4–2001

Defendant contends it was not required to provide the total hours worked on plaintiff's wage statements because plaintiff was an exempt "outside salesperson," as defined by Industrial Welfare Commission ("IWC") Wage Order 4–2001. (Def.'s Mem. at 3 (Docket No. 21–1); Perlman Dep. at 159:8–9.) This is a question of law that is appropriate for decision on summary judgment.

"The IWC is the state agency empowered to formulate regulations (known as wage orders) governing minimum wages, maximum hours, and overtime pay in the State of California." *Ramirez v. Yosemite Water Co.*, 20 Cal.4th 785, 795,

85 Cal.Rptr.2d 844, 978 P.2d 2 (1999). "The Legislature defunded the IWC in 2004, however its wage orders remain in effect." *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1102 n. 4, 56 Cal. Rptr.3d 880, 155 P.3d 284 (2007). IWC wage orders are given "extraordinary deference, both in upholding their validity and enforcing their specific terms." *Martinez v. Combs*, 49 Cal.4th 35, 61, 109 Cal. Rptr.3d 514, 231 P.3d 259 (2010). "To the extent a wage order and a statute overlap, [courts] will seek to harmonize them, as ... with any two statutes." *Brinker Rest. Corp. v. Superior Court*, 53 Cal.4th 1004, 1027, 139 Cal.Rptr.3d 315, 273 P.3d 513 (2012).

Defendant points to Wage Order 4–2001 ("Wage Order") as evidence that plaintiff was exempt from section 226(a)'s itemized wage statement requirements. Wage Order 4–2001 applies to professional, technical, clerical, mechanical, and other similar occupations but has a clear exemption for outside salespersons. Cal.Code Regs. tit. 8, § 11040(1)(C) ("The provisions of this order shall not apply to outside salespersons."). For all non-exempt employees, subsection 7 of the Wage Order provides record requirements similar to those of California Labor Code section 226(a): it requires that employers "keep accurate information with respect to each employee including .... [t]ime records showing when the employee begins and ends each work period .... [m]eal periods, split shift intervals, and total daily hours worked." *Id.* § 11040(7)(A)(3). In addition, "[t]otal hours worked in the payroll period ... shall be made readily available to the employee upon reasonable request." *Id.* § 11040(7)(A)(5). The defendant argues that because outside salespersons are exempt from the Wage Order's record requirements they must also be exempt from the itemized wage statement requirements of California Labor Code section 226(a)(2).

In determining whether an exemption applies, "the statutory provisions are to be liberally construed with an eye to promoting [the] protection" and "benefit of employees." *Ramirez*, 20 Cal.4th at 794, 85 Cal.Rptr.2d 844, 978 P.2d 2. "Thus, under California law, exemptions from statutory . . . provisions are narrowly construed." *Id.* "[T]he assertion of an exemption . . . is considered to be an affirmative defense, and therefore the employer bears the burden of proving the employee's exemption." *Id.* at 794–95, 85 Cal.Rptr.2d 844, 978 P.2d 2.

The only two cases defendant relies on in support of its allegation that outside salespersons are exempt from section 226(a)(2) are *Barnick v. Wyeth*, 522 F.Supp.2d 1257, 1261 (C.D.Cal.2007) and *Dailey v. Just Energy Marketing Corp.*, Civ. No. 14–02012 HSG, 2015 WL 4498430, at *5 (N.D.Cal. July 23, 2015). In *Barnick*, the court granted the defendant's motion for summary judgment with respect to the plaintiff's overtime, meal and rest break, and unfair competition claims because the plaintiff—a pharmaceutical representative on the defendant's sales staff—was found to be an exempt outside salesperson under IWC Wage Order 4–2001. 522 F.Supp.2d at 1264, 1261. However, the plaintiff in *Barnick* had conceded that his wage statement claim was barred by the statute of limitations prior to moving for summary judgment. *Id.* As a result, this case is persuasive with respect to the outside salesperson exception to overtime wages but provides no guidance on the applicability of the exception to the itemized wage statement requirements.

Moreover, overtime wages are addressed in Part 4, Chapter 1 of the Labor Code, which opens by stating that the "provisions of this chapter . . . shall not include any individual employed as an outside salesman." Cal. Labor Code § 1171. In contrast, section 226(a)'s itemized wage statement requirements are located in Part 1, Chapter 1, which does not have a parallel exception for outside salespersons. *See* Cal. Labor Code § 200.

*Dailey* is the only case defendant cites that grants summary judgment with respect to an itemized wage statement claim due to the outside salesperson exemption. 2015 WL 4498430, at *5. *Dailey* failed to address the very limited exception in section 226(a)(2) for employees that are paid solely on salary and exempt from overtime. Instead, the court looked to the outside salesperson exception in California Labor Code section 1171, which pertains to overtime, and Wage Order 4–2001. *Id.* at *2. The court lumped together the plaintiff's meal and rest break, overtime, minimum wage, and wage statement claims and concluded that outside salespersons are exempt from all California Labor Code protections. *Id.* To the extent that *Dailey* can be read to say the outside salesperson exemption applies to section 226(a)(2), this court disagrees.

In addition to offering little support from case law, defendant fails to acknowledge the recent amendments to section 226(a)(2) that expanded, rather than restricted, the scope of the total hours worked requirement. Previously, section 226(a)(2) required employers to provide the total hours worked only to employees paid by the hour. (Locker Decl. Ex. A, Bill Number: AB 2509, Introduced Bill Text, Feb. 24, 2000 (Docket No. 26–3).) However, in 2000, Assembly Bill 2509 amended subsection 226(a) by striking the language about employees "whose compensation is based on an hourly wage" and making the requirement applicable to "the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime." (*Id.*) The amendment purposefully expanded the scope of the requirement

and explicitly included an exception for salaried workers exempt from overtime but not for outside salespersons paid by commission. While the usefulness of reporting total hours worked for employees paid solely by commission is not entirely clear, (*see* Rupp Decl. ¶¶ 11–12 (Docket No. 21–5); Def.'s Req. for J. Notice Ex. 4 (Docket No. 21–3)), it is nonetheless required by Labor Code section 226(a), (*see* Locker Decl. ¶ 17).

■ In light of the clear statutory language and legislative history of section 226(a) and the principle of interpreting statutes with an eye towards protecting employees, the court finds that plaintiff was not exempt from the itemized wage statement requirements of California Labor Code section 226(a)(2). While plaintiff likely qualifies as an outside salesperson[2], Wage Order 4–2001 does not provide an additional exception, not enumerated in the statute, to California Labor Code section 226(a)(2).

### 2. *Injury*

■ If plaintiff is not exempt from California Labor Code section 226(a)(2), defendant contends that plaintiff's motion for summary judgment still should be denied and defendant's granted because plaintiff failed to establish the elements for a section 226 violation. "A claim for damages under Section 226(e) requires a showing of three elements: (1) a violation of Section 226(a); (2) that is "knowing and intentional"; and (3) a resulting injury." *Willner v. Manpower Inc.*, 35 F.Supp.3d 1116, 1130–31 (N.D.Cal.2014).

An employee "is deemed to suffer injury ... if the employer fails to provide accurate and complete information as required by ... subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone" the information required to be provided pursuant to section 226(a). *Id.* § 226(e)(2)(B). Promptly and easily "means a reasonable person would be able to readily ascertain the information without reference to other documents or information." *Id.* § 226(e)(2)(C).

This statutory language was added to section 226 by Senate Bill 1255 in 2013 in order to "define what constitutes 'suffering injury' " and "provide clarity regarding the information that must be included in a workers wage statement." (Pl.'s Req. for J. Notice Ex. 1, Senate Comm. on Labor & Indus. Relations Hearing Report on SB 1255, Apr. 11, 2012 (Docket No. 26–4).) The amendment was a reaction to the "very restrictive and erroneous interpretation of what constitutes 'suffering injury' " that had been adopted by several state and federal courts. (*Id.*) "[T]hese courts found that there was no injury even though there was key payroll information either missing from, or reported incorrectly on, the workers' wage statements" because the plaintiffs failed to demonstrate actual injury, such as loss of wages. (*Id.*) The California legislators explained that "[s]uch an interpretation flouts the entire purpose of this provision, which is to ensure compliance so that workers can easily and adequately understand the breakdown and source of

**2.** Determining whether an employee is an exempt outside salesperson is "a mixed question of law and fact." *Ramirez*, 20 Cal.4th at 794, 85 Cal.Rptr.2d 844, 978 P.2d 2. "In classifying workers under the exemption, the Court must apply a 'quantitative' approach that looks at whether the employee spends more than fifty percent of his time engaged in sales activities." *Barnick*, 522 F.Supp.2d at 1261.

It is clear that plaintiff spent more than fifty percent of her time engaged in sales activity— her sole responsibility was selling ADT products and services. (Garnett Dep. at 59:13–25, 60:1–5, 62:21–24.) In addition, she spent most of her time away from the employer's place of business, driving to potential customers' residences. (*See, e.g., id.* at 61:19–24.)

their pay." (*Id.* at Ex.2, Senate Judiciary Committee Report on SB 1255, Apr. 30, 2012.)

The amendment made clear that the "lack of each item of required information in and of itself could harm the employee." (*Id.* at Ex. 2, Senate Judiciary Committee Report on SB 1255, Apr. 30, 2012.) The California Rural Legal Assistance Foundation, the co-sponsor of the bill, stated that "employees benefit from this bill's affirmation that Labor Code section 226(a) means what it says: Employees must get an itemized pay stub that contains accurate and complete information about all nine of the required pay-related information items, and the analysis of whether the employee suffered injury is to be *based solely* on what information the employer provided on the pay stub." (*Id.* at Ex. 4, Assembly Committee on Labor and Employment Hearing Report on SB 1255, May 15, 2012 (emphasis added).)

 Subsequent to the statutory modification, courts have found that the "injury requirement should be interpreted as minimal in order to effectuate the purpose of the wage statement statute; if the injury requirement were more than minimal, it would nullify the impact of the requirements of the statute." *Seckler v. Kindred Healthcare Operating Grp., Inc.,* Civ. No. 10–01188 DDP, 2013 WL 812656, at *11 (C.D.Cal. Mar. 5, 2013). An employee is "deemed" injured so long as critical information is missing from the wage statement and that information cannot promptly and easily be determined. *See Seckler,* 2013 WL 812656, at *12 (finding "the minimal injury requirement has been met by Plaintiffs' inability to determine whether they have been paid appropriately" without the total number of hours worked); *Boyd v. Bank of America Corp.,* Civ. No. 13–0561 DOC, 109 F.Supp.3d 1273, 1308, 2015 WL 3650207, at *33 (C.D.Cal. May 6, 2015) (holding that the plaintiffs met the "mini-mal" injury requirement under "because Plaintiffs have shown that they could not readily determine the total hours worked and applicable hourly pay, which made it difficult for them to determine the amount of overtime worked"); *Escano v. Kindred Healthcare Operating Co.,* Inc., Civ. No. 09–04778 DDP, 2013 WL 816146, at *12 (C.D.Cal. Mar. 5, 2013) (finding that hourly employees were injured by the employer's failure to provide their total hours worked and rates of pay on their wage statements because they were unable to determine whether they had been paid appropriately).

Defendant argued at oral argument that the use of the language "is deemed" in section 226(e)(2)(B) creates a rebuttal presumption that an employee was injured by an employer's failure to provide required payroll information. The court disagrees. If the legislators wanted to create a rebuttal presumption, the statute could have been drafted to read "An employee *may be* deemed to suffer injury if ..." rather than "An employee *is* deemed to suffer injury if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9)...." Cal. Labor Code § 226(e)(2)(B).

 Plaintiff has satisfied the minimal injury requirement. First, defendant does not dispute that it failed to include total hours worked on plaintiff's itemized wage statements. (Def.'s Mem. at 3; Perlman Dep. at 158: 19–25.) Thus, a critical payroll item was absent from plaintiff's wage statements. Second, plaintiff could not "readily ascertain" her total hours worked from her wage statement. In her declaration, plaintiff stated:

As the attached wage statement reflects, my hours worked were not set forth in any manner on my wage statements. As I testified at my deposition, when I reviewed my wage statements during

my employment with ADT this is a fact that I noticed, that there were no hours worked on my wage statements. There was no way that I could tell from reviewing my wage statements, or any other documents that ADT provided to me how many hours that I worked during any pay period.

(Pl.'s Supp. Decl. ¶ 5 (Docket No. 26–2).) Similarly, in her deposition she explains that there were times when she would look at her wage statement and notice that the hours were not listed. (Garnett Dep. at 151:6–13.) Concededly, the court cannot discern any reason other than idle curiosity why this plaintiff would have needed or even wanted to know how many hours she worked. Nevertheless, that is not necessary for a finding of injury under the statute. Whether an employee suffered injury is based solely on the information provided on the wage statement.

### 3. *Knowing and Intentional*

The employer's violation of section 226 must be "knowing and intentional." Cal. Labor Code § 226(e)(1). The violation is not knowing and intentional if it was "an isolated and unintentional payroll error due to a clerical or inadvertent mistake." (*Id.* § 226(e)(3); *see also* Pl.'s Req. for J. Notice Ex. 4, Assembly Committee on Labor and Employment Hearing Report on SB 1255, May 15, 2012.) A relevant factor that may be considered by the factfinder is "whether the employer, prior to the alleged violation, has adopted and is in compliance with a set of policies, procedures, and practices that fully comply with this section." *Id.*

 Section 226 is not a strict liability statute—"the phrase 'knowing and intentional' in Section 226(e)(1) must be read to require something more than a violation of Section 226(a) alone." *Willner v. Manpower Inc.*, 35 F.Supp.3d 1116, 1130–31 (N.D.Cal.2014). "If the legislature had intended to allow an employee to recover damages for an employer's violation of Section 226(a) without having to make any showing beyond a showing of the Section 226(a) violation itself, then the legislature could simply have omitted the qualifier 'knowing and intentional' before the word 'failure.'" *Id.* The plaintiff must demonstrate that the defendant "knew that facts existed that brought its actions or omissions within the provisions of section 226(a)." *Id.* at 1131. However, a plaintiff is not required to demonstrate that the employer knew that its conduct was unlawful. *Id.* at 1131; *Perez v. Safety–Kleen Systems, Inc.*, Civ. No. 05–5338 PJH, 2007 WL 1848037, at *9 (N.D.Cal. June 27 2007) ("Ignorance of the law, however, does not excuse Safety–Kleen.").

To the extent that some district courts have found that an employer can lack the necessary knowledge and intent if it had a good faith belief that its employee was exempt from section 226, this court disagrees. *See Boyd*, Civ. No. 13–0561 DOC, 109 F.Supp.3d at 1308–09, 2015 WL 3650207, at *34 (C.D.Cal. May 6, 2015); *Lopez v. United Parcel Serv., Inc.*, Civ. No. C08–05396, 2010 WL 728205, at *9 (N.D.Cal. Mar. 1, 2010); *Guilfoyle v. Dollar Tree Stores, Inc.*, Civ. No. 12–00703 GEB CKD, 2014 WL 66740, at *7 (E.D.Cal. Jan. 8, 2014); *Hurst v. Buczek Enterprises, LLC*, 870 F.Supp.2d 810, 829 (N.D.Cal.2012); *Rieve v. Coventry Health Care, Inc.*, 870 F.Supp.2d 856, 876–77 (C.D.Cal.2012)). As was articulated in *Novoa v. Charter Communications, LLC*, the good faith defense "stands contrary to the often repeated legal maxim: 'ignorance of the law will not excuse any person, either civilly or criminally.'" Civ. No. 1:13–1302 AWI BAM, 100 F.Supp.3d 1013, 1028, 2015 WL 1879631, at *14 (E.D.Cal. Apr. 22, 2015) (citation omitted). Further, the California Labor Code makes no mention of a good faith defense and "refusal to recognize the judicially-created good faith de-

fense is more consistent with Section 226(e)(3)." *Id.* For example, section 226(e)(3) directs the court to consider whether the employer had adopted a set of policies that complied with section 226. This would be irrelevant "[i]f an employer's belief that it [wa]s in compliance with Section 226(a) were adequate to render any violation not knowing and not intentional." *Id.*

■ Defendant knew that it was not providing total hours worked to plaintiff or other employees paid on commission. (Def.'s Mem. at 10; Perlman Dep. at 158: 19–25.) ADT's vice president of total rewards, Howard Perlman, explained that employees paid solely on commission or commission and salary "are exempt and therefore we do not record hours on a wage statement." (Perlman Dep. at 159:8–9.) The exclusion was not due to an accident, clerical error or mistake but was, and continues to be, defendant's policy. (*Id.*) While defendant did not know that excluding the total hours worked violated the California Labor Code, that is no defense. Therefore, the court finds that defendant's failure to include total hours worked was both knowing and intentional.

III. *Conclusion*

Though plaintiff may qualify as an "outside salesperson," she was not properly classified as exempt from California Labor Code section 226. As a result, defendant violated section 226(a)(2) by failing to provide total hours worked on plaintiff's wage statements.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Docket No. 18) be, and the same hereby is, GRANTED;

AND IT IS FURTHER ORDERED that defendant's partial motion for summary judgment on plaintiff's itemized wage statement claim (Docket No. 21) be, and the same hereby is, DENIED.