Filed 11/19/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LAUREN BROWN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DAVE & BUSTER'S OF CALIFORNIA, INC., et al.,<br><br>    Defendants and Respondents. | B339729<br><br>Los Angeles County<br>Super. Ct. No.<br>19STCV21353 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge.  Affirmed.

Setareh Law Group, Shaun Setareh, Thomas Segal and Farrah Grant for Plaintiff and Appellant.

Littler Mendelson, Alaya B. Meyers and Gayle Lynne Gonda for Defendants and Respondents.

_____

Lauren Brown is one of several plaintiffs who sued the same employer under the Private Attorneys General Act (Labor Code § 2699 et seq.) (PAGA) between June 2018 and June 2019.

The employer settled with one of the PAGA plaintiffs who had filed suit earlier than Brown did.  Then the employer filed a

motion for judgment on the pleadings about Brown's case, arguing that res judicata barred Brown's PAGA claim and that Brown lacked standing to bring a PAGA claim for violations occurring after the date of the other settlement.  The trial court granted the motion and Brown appealed.

We affirm.  Although the parties' briefing uses the term "res judicata," following our Supreme Court's lead, we refer to "claim preclusion."  (See *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823–824 (*DKN*).)  Undesignated citations are to the Labor Code.

I

Dave & Buster's of California, Inc. and Dave & Buster's, Inc. operate restaurants.  We refer to both as Buster's.

Brown worked at Buster's Westchester location from November 2016 to April 2018.

In June 2019, Brown filed a standalone representative PAGA action against Buster's, alleging it failed to provide meal periods, rest periods, vacation pay, and wages statements and that Buster's routinely required its employees to work off-the-clock.  Brown sought civil penalties for alleged violations of various provisions of the Labor Code.

Two months later, Buster's filed a demurrer to abate/stay, or in the alternative, a motion for discretionary stay, on the ground that Brown's action was between the same parties on the same cause of action as at least two previously-filed actions: *Espinoza v. Dave & Buster's Management Corporation, Inc.*, Los Angeles County Superior Court Case No. BC710345 (*Espinoza*) and *Lopez v. Dave & Buster's of California, Inc., et al.*, San Diego County Superior Court Case No. 37-2018-00054080-CU-OE-CTL (*Lopez*).

2

Finding Brown's case to be "substantially identical" to the *Espinoza* action, the trial court sustained Buster's demurrer and stayed the case in October 2019 to promote judicial efficiency and to avoid the potential for conflicting rulings.

In February 2020, Buster's filed a status conference statement providing information about the status of earlier-filed PAGA actions. The statement showed when each case was filed, when the other plaintiffs submitted their requisite notices to the Labor and Workforce Development Agency (Agency), and which claims overlapped with Brown's case. According to Buster's, Brown's was the fifth PAGA action pending against it. In addition to the *Espinoza* and *Lopez* actions, there was also *Rocha v. Dave & Buster's Management Corporation, Inc.*, Santa Clara County Superior Court Case No. 19CV348961 and *Andrade v. Dave & Buster's Management Corporation, Inc.*, San Diego County Superior Court Case No. 37-2019-00019561-CU-OE-CTL (*Andrade*).

In June 2021, the parties stated Buster's was "working on a global settlement" through plaintiff's counsel in the *Andrade* action, which would include Brown's action as well.

At a status conference in April 2023, the parties noted the *Andrade* action had settled. Brown said she was "evaluating what claims, if any, remain." Brown later stated there might not be a complete overlap with *Andrade* as to her unpaid vacation claim, but she was still checking on this issue.

In June 2023, Buster's moved for judgment on the pleadings, arguing that the *Andrade* settlement released all of Brown's claims against it and that claim preclusion entirely barred Brown's lawsuit. Buster's motion also asserted Brown lacks standing to bring representative claims for any PAGA

3

violations occurring on or after the date of the *Andrade* settlement approval.

Along with this motion, Buster's filed a request for judicial notice including various documents from the *Andrade* action. These documents revealed Andrade sent her first pre-filing notice to the Agency on May 13, 2019, and filed a complaint in the San Diego Superior Court on November 14, 2019. This complaint named only Dave & Buster's Management Corporation, and did not specifically list a vacation pay violation under section 227.3. Andrade then sent an amended notice letter to the Agency on February 3, 2022, and filed her corresponding amended complaint on March 10, 2022. It was not until Andrade's second notice to the Agency that she added a section 227.3 vacation pay claim and the named defendants in Brown's case.

On April 1, 2022, Andrade, on behalf of herself and on behalf of the state and all allegedly aggrieved employees, entered into a long-form settlement agreement with all three Buster's entities, including the two Brown sued. The released claims included "failure to pay accrued vacation pay at the end of employment, including but not limited to claims under California Labor Code" and listed section 227.3. In May 2022, Andrade moved for approval of her settlement, showing that she had notified the Agency of her motion and settlement agreement, and that the Agency accepted the settlement and would not oppose her motion. The San Diego Superior Court granted approval of the *Andrade* settlement on November 4, 2022.

Brown began her opposition by asserting she has standing to bring all claims in her PAGA letter because Buster's violated her rights under the Labor Code. Then, citing *LaCour v. Marshalls of California* (2023) 94 Cal.App.5th 1172, 1194

4

(*LaCour*), Brown contended that, because Andrade failed to exhaust her claims before the Agency, she was therefore not deputized to pursue and settle the Labor Code violations she alleged in her amended complaint.  Andrade waited only 35 days between sending her amended pre-filing notice and filing her amended complaint in court.  Brown thus maintained the *Andrade* settlement does not apply to the Buster's entities that she sued and to her section 227.3 vacation pay claim.

The trial court granted Buster's motion without written comment, dismissed Brown's complaint with prejudice, and entered judgment in Buster's favor.

This appeal followed.

## II

We independently review the trial court's order granting Buster's motion for judgment on the pleadings.  (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515.)

Brown, as the appellant, bears the burden of showing trial court error.  (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Brown's opening brief identifies no error.  Instead, Brown repeats the same arguments she made before about standing and Andrade's failure to exhaust her claims at the Agency before filing her operative amended complaint.  By failing to address other issues in her opening brief, Brown effectively concedes the *Andrade* settlement did in fact result in a final judgment on the merits and does bar her non-vacation pay claims.  (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [we treat a point as forfeited when an appellant fails to raise it])

We reject Brown's unsupported argument that she has standing to pursue Labor Code violations occurring after November 4, 2022, which was the date the court approved the

*Andrade* settlement. (See *Robinson v. Southern Counties Oil Co.* (2020) 53 Cal.App.5th 476, 484 [finding a PAGA plaintiff lacked standing to pursue violations he alleged to have occurred after he ended his employment with the defendant].) It is undisputed that Brown's employment with Buster's ended in 2018.

Therefore only one issue is before us: did Andrade's failure to adhere strictly to the 65-day waiting period for her amended claims defeat Buster's claim preclusion argument? Subdivision (a)(2)(A) of section 2699.3 provides that, if the Agency does not respond within 65 calendar days of an aggrieved employee providing it with written notice, "the aggrieved employee may commence a civil action pursuant to Section 2699." Andrade did indeed file her operative amended complaint fewer than 65 days after her amended notice to the Agency.

Claim preclusion bars a new lawsuit if the first case had (1) the same cause of action; (2) between the same parties, or parties in privity; and (3) a final judgment on the merits. (*DKN*, *supra*, 61 Cal.4th at pp. 824-825.) This doctrine promotes judicial economy by requiring all claims based on the same cause of action that *were or could have been raised* to be decided in a single suit. (*5th & LA v. Western Waterproofing Co., Inc.* (2023) 87 Cal.App.5th 781, 788 (*5th & LA*).)

Brown relies on the *LaCour* decision to vault her over the bar of the *Andrade* settlement. Like Brown's case, *LaCour* was about a plaintiff who filed a standalone PAGA claim against a former employer. The employer invoked claim preclusion based on an earlier PAGA settlement. (See *LaCour*, *supra*, 94 Cal.App.5th at pp. 1181–1182.) Both Brown and LaCour challenged the earlier judgment's satisfaction of the first and second elements of claim preclusion. (See *id.* at p. 1182.) And

6

like the trial judge in Brown's case, in *LaCour*, the trial court granted the employer's motion for judgment on the pleadings. (*See id.* at pp. 1183, 1189.)

The appellate court in *LaCour* found the trial court erred in granting the employer's motion and giving claim preclusive effect to the earlier settlement. (*LaCour*, *supra*, 94 Cal.App.5th at p. 1189.) Because the earlier plaintiff Paulino's presuit notice "identified nothing more than failure to compensate employees for off-the-clock work at the end of the shifts," the appellate court in *LaCour* found Paulino was not authorized to settle "the raft of additional wage-and-hour violations LaCour [sought] to pursue . . . " (*Id.* at pp. 1192–1193.) The court held "the prior judgment does not extinguish unlisted PAGA claims in litigation brought by other authorized PAGA plaintiffs because such claims do not arise from violations of the same primary rights Paulino was authorized to pursue." (*Id.* at p. 1195.)

Paulino's lack of authorization to pursue claims beyond those she identified in her presuit notice also led the *LaCour* appellate court to conclude there was no privity between Paulino and LaCour. (See *LaCour*, *supra*, 94 Cal.App.5th at p. 1196–1197.) Paulino and LaCour did not share an "identity or community of interest" such that LaCour had reasonable notice he could be bound as a nonparty privy and that Paulino adequately represented his interests. (*Id.* at p. 1197.)

Brown urges us to find that, under *LaCour*, Andrade's settlement does not bar her vacation pay claim or reach the Buster's defendants in this case because Andrade filed her second amended complaint only 35 days after submitting her amended presuit notice to the Agency. Brown interprets *LaCour* to mean Andrade, like Paulino, was never authorized to pursue the

7

additional vacation pay claim and new defendants in her amended complaint.

In response, Buster's maintains *LaCour* "is completely inapposite" and factually distinguishable, as Andrade's initial notice letter, initial complaint, amended notice letter, and amended complaint "expressly include all of Brown's alleged Labor Code violations such that they encompass Brown's entire PAGA claim." Buster's also argues Andrade's failure to abide by the 65-day waiting period for her amended complaint is a technicality that is "not dispositive as to the issue of administrative exhaustion under PAGA."

To support its argument, Buster's cites several federal district court cases in which the courts declined to require strict adherence to the 65-day waiting period. In two cases, the courts found there was "little reason" to punish plaintiffs for acting too quickly once the plaintiffs took the requisite step of notifying the Agency under section 2699.3(a)(1) and the notice period then elapsing with no sign of action from the Agency. (See *Magadia v. Wal-Mart Assocs, Inc.* (N.D.Cal. 2018) 319 F.Supp.3d 1180, 1189; *Bradescu v. Hillstone Rest. Grp., Inc.* (C.D.Cal. Sept. 18, 2014) No. SACV 13-1289-GW(RZx), 2014 WL 5312456, at *10.) In another, the court reasoned a plaintiff's failure to comply fully with the statutory notice requirement did not thwart the purpose of the pre-filing notice requirement in the statute—giving the Agency the opportunity to investigate the alleged violations. (See *Garnett v. ADT, LLC* (E.D.Cal. 2015) 139 F.Supp.3d 1121, 1128.)

As Brown observes in her reply, we are not bound to follow these cases. Brown instead directs us to footnote 18 of *Caliber Bodyworks Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 383 (*Caliber*). In *Caliber*, the appellate court found the trial

8

court should have sustained the defendant's demurrer due to the plaintiffs' failure to plead compliance with PAGA's pre-filing notice requirements. (*Id.* at p. 383.) Footnote 18 explained that, because the plaintiffs did not specify how they would amend their allegations, granting leave to amend would be futile. (*Id.* at p. 383, fn. 18.) However, if the plaintiffs followed the pre-filing notice requirements, and if the Agency chose not to investigate or cite the defendant based on the alleged violations within 60 days, the plaintiffs could then request leave to amend their complaint. (*Ibid.*) But *Caliber* does not help Brown prove Andrade "did not have a valid PAGA claim for those claims newly asserted in the amended PAGA letter." Unlike the plaintiff in *Caliber*, Andrade did plead compliance with the pre-filing notice requirements in her amended complaint.

On this administrative exhaustion issue, *LaCour* does not apply. Our Supreme Court has described PAGA's statutory pre-filing notice requirement as "a condition of suit." (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 545.) The purpose of this requirement is to afford the Agency "the opportunity to decide whether to allocate scarce resources to an investigation, a decision better made with knowledge of the allegations an aggrieved employee is making and any basis for those allegations." (*Id.* at pp. 545–546.) Nothing in the statute's language or any published case law suggests the 65-day waiting period also applies to *amended* notices and complaints.

Moreover, the federal cases Buster's cites are consistent with the longstanding doctrine of substantial compliance, which arose in the context of the Tort Claims Act, Govt. Code, § 810 et seq. (See, e.g., *Hall v. City of Los Angeles* (1941) 19 Cal.2d 198, 202 ["a defect in the form of compliance is not fatal so long as

9

there is substantial compliance with the essentials of the requirement"]).  Under this doctrine, a court may excuse small deficiencies in a plaintiff's pre-filing notice if the notice nonetheless "substantially complies with all of the statutory requirements for [a] valid claim."  (See *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 713 (citing *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455– 457).)  Like PAGA, the Tort Claims Act also has a pre-filing notice requirement, the purpose of which is to notify the relevant government agency of alleged legal violations before a plaintiff files a civil action.  (See *ibid.*)

Andrade provided notice to the Agency of her vacation pay claim and allegations as to the additional Buster's entities.  The statute itself and case law are silent as to whether the pre-filing notice requirements apply to Andrade's amended notice.  Regardless, Andrade substantially fulfilled the purpose of the PAGA pre-filing notice requirement in her amended notice.

Andrade's failure to wait 65 days was a harmless defect.  The Agency accepted Andrade's global settlement with Buster's after it had an opportunity to object.

As Buster's notes, to find otherwise would invalidate the San Diego Superior Court's approval of the settlement as to the three Buster's entities and all of Andrade's claims.  The Supreme Court has firmly rejected the efforts of PAGA plaintiffs "to file objections to the settlement reached by another aggrieved employee representing the same state interest and also acting on the state's behalf."  (See *Turrieta v. Lyft, Inc.* (2024) 16 Cal.5th 664, 715.)  It reasoned that opening the door to these objections was contrary to PAGA's text, statutory scheme, and legislative history.  (See *ibid.*)  Andrade's settlement fully encompassed and

released Brown's claims as to all Buster's entities, thus satisfying all elements of claim preclusion.  (See *DKN*, *supra*, 61 Cal.4th at pp. 824–825.)  The trial court was right to grant Buster's motion.

## DISPOSITION

We affirm and award costs to the respondents.


                                                WILEY, J.

We concur:


STRATTON, P. J.


VIRAMONTES, J.

11